JAS. B. GOFF, Appellant, v. JAMES MULHOLLAND, Respondent.

*Practice—New Trial.*—To warrant the setting aside a verdict upon the ground of newly discovered evidence, it must not only appear that the evidence is new, material and applicable to the issue, but that it is not cumulative, and could not have been obtained upon the former trial with reasonable diligence.   (See S. C. 28 Mo. 397.)

*Appeal from St. Louis Land Court.*

*James B. Goff*, in person.

*T. T. Gantt*, for respondent.

BAY, Judge, delivered the opinion of the court.

Upon the trial of this cause no exception was taken to any testimony, nor to the giving of instructions, and the only question, therefore, which can properly arise in this court relates to the overruling of the motion for a new trial, founded upon affidavits of newly discovered evidence. One of the issues made by the pleadings was, whether the entry upon the lot, and the taking of earth therefrom, were by consent of the plaintiff, and upon this point both parties in-

troduced evidence. In support of the motion for a new trial upon the ground above stated, the plaintiff filed his affidavit, together with the affidavit of one Peter Donnelly. Donnelly, in his affidavit, states that a short time after the lot was graded, he was in the office of plaintiff, and while there defendant came in and said to plaintiff that if he had known the lot belonged to him he would not have dug it down; but as it was done, he was willing to make reparation for the damage, and offered to curb the lot for the plaintiff, if he (plaintiff) would release him from damages; and the plaintiff replied that he did not know what to do, but would consult others who knew more about the damage.

To warrant a court in setting aside a verdict upon the ground of newly discovered evidence, it must not only appear that the evidence is new, material and applicable to the issue, but that it is not cumulative, and could not have been obtained upon the former trial with reasonable diligence.

In this case it is not only subject to the objection of being cumulative, but relates to a conversation between the parties in the presence of Donnelly, which the plaintiff, by due attention, might have well remembered; and it is well settled by authority, that a want of recollection of a fact, which by due attention might have been remembered, furnishes no ground for granting a new trial. (1 Gra. & Wat. on N. T. 477; Bond v. Cutter, 7 Mass. 205.)

The other judges concurring, the judgment of the court below will be affirmed.