————o————

LUCY M. MILLS, Executrix, &c., Respondent, *vs.* JOSEPH B. F. SAMPSEL, *et al.*, Appellants.

1. *Lease—Attempts to rent to outsiders.*—An attempt by the lessor to rent premises to outside parties, where the lessees are in nowise thereby disturbed in their possession, does not *ipso facto* avoid the lease.

2. *New trial—Newly discovered evidence must be not merely cumulative.*—To authorize a court to set aside a verdict on the ground of newly discovered evidence, it must be shown to be material and not merely cumulative, and it must appear that it could not have been obtained by reasonable diligence on the former trial.

*Appeal from Livingston Circuit Court.*

*L. T. Collier*, for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover an amount charged to be due to plaintiff from defendants for the rent of a storehouse for six months, at fifty dollars per month. A credit was allowed on the account sued on for fifty dollars, paid by defendants in repairing the building.

The defendants file separate answers, in which they each deny the partnership between them, and deny the renting of the house as charged in the petition or any indebtedness therefor. A trial was had by the court, a jury having been waived.

It appeared from the evidence produced at the trial, that the firm of J. B. F. Sampsel & Co., consisted of Joseph B. F. Sampsel, Jr., William H. Sampsel and D. L. Sampsel; that Joseph B. F. Sampsel, Sen., was not a member of the firm. The evidence on the part of the plaintiff tended to prove, that the plaintiff rented the house to said firm upon the terms stated.

On the part of the defendant the evidence tended to prove, that the house was rented by said firm by the month, at fifty dollars per month, and had been occupied by them only two months; and the amount of the rent due for that time had been tendered to the plaintiff.

The court after hearing the evidence found the issues in favor of the defendant, Joseph B. F. Sampsel, Sen., and rendered judgment in his favor, and found the issues as to Joseph B. F. Sampsel, Jr., in favor of the plaintiff, and rendered judgment in favor of the plaintiff against him for the sum of two hundred and fifty dollars.

The defendants in due time filed their motion for a new trial, setting forth as grounds thereof all of the usual causes assigned in motions for new trials, as well as that they had since the trial discovered new testimony not before discovered. The motion was supported by affidavits filed with the motion. This motion was overruled, and the defendant excepted.

It should have been stated, that at the close of the evidence, the court, at the request of the plaintiff, made several declarations of law, to which the defendants also excepted.

The defendant asked the court to declare the law to be, "That if plaintiff attempted to rent or dispose of the premises in controversy during the time claimed in his petition, then such act on the part of plaintiff was a nullification of any contract made between the parties even if such contract

should be found to have existed, still the court must find for the defendant from and after the time such control over the said premises was assumed by plaintiff."

"That if the court finds that J. B. F. Sampsel was not a member of the firm of J. B. F. Sampsel & Co., the plaintiffs cannot recover."

These declarations of law were refused and the defendant excepted.

The case comes to this court by appeal.

The evidence in this case tended to prove the plaintiff's demand, and the court having found for the plaintiff as to one of the defendants we have nothing to do with the facts in the case.

The declarations of law made by the court were to the effect, that if the contract of renting was made by the firm of J. B. F. Sampsel & Co., or any member thereof, and if said firm retained possession and control of the house rented, up to the expiration of the time for which it was rented, then the finding should be in favor of the plaintiff as against the defendant, J. B. F. Sampsel, Jr.

2nd. That if an employee of the said firm made the contract of renting with plaintiff with the knowledge of, or by the direction of, said firm, or any member thereof ratified or assented to the contract, then it was binding on the firm, and the court must find for plaintiff as against said defendant, Joseph B. F. Sampsel, Junior.

3rd. That if the employee of said firm contracted for the renting of the house, and the firm afterwards in pursuance of said contract took possession of the house and occupied it for the time for which it was so rented, then the court will find for plaintiff, as to defendant, Joseph B. F. Sampsel.

These instructions were unobjectionable; they fairly presented the law of the case and were predicated on the evidence.

But the defendants seem to assume, by the declarations of law asked for by them, that, as the plaintiff had stated in her petition, that the firm of J. B. F. Sampsel & Co. consisted of

the two defendants, that no recovery could be had unless the facts were proved as stated, and that if either of the parties were not members of said firm, no recovery could be had. It is not necessary to state here, that under our statute the plaintiff had a right to recover against as many of the defendants as were found to be liable on the contract, and judgment should have gone in favor of those not liable.

It is further assumed by the first declaration of law asked for by the defendants, that if the plaintiff at any time during the term for which defendant had rented the house attempted to rent or dispose of the house, that the lease thereby became void, although defendants were in nowise disturbed in their possession.

This is also clearly wrong, and the court committed no error in refusing said declarations of law.

The only remaining point to be noticed, is, as to the propriety of the action of the court in overruling defendants' motion for a new trial on the ground of newly discovered evidence. The defendant in his affidavit filed with his motion for a new trial, stated, that the witnesses, by whom he expects to prove the newly discovered facts, are James P. Mood and R. C. Renx, whose affidavits are referred to as containing the testimony expected to be produced on a new trial of the cause; but no such affidavits appear in the bill of exceptions or elsewhere in the record, so that there is nothing in the record from which it can be seen what said witnesses would prove if a new trial was granted. The only evidence set forth as new evidence, which has been discovered since the trial, is that proposed to be proved by Simon Hanover, a witness that was examined by defendants on the trial already had, and he only proposes to correct a statement already made to the effect, that in a conversation had with the plaintiff just at the time, or just after the time that defendants moved out of the house rented, plaintiff offered to rent the house. He does not say, or propose, that he will on a new trial state the conversation differently from the manner in which it was stated upon the trial already had, but he says that he

was mistaken as to the time of the conversation, that he now, recollects that it took place just before the time that defendants removed from the house rented.

This is no newly discovered evidence; the evidence was given on the trial; the conversation has already been detailed; but he failed to fix the time correctly. It cannot be seen how it could be material in the case, whether the facts occurred just before, or just after the time named; the effect would be just the same. To warrant a court to set aside a verdict, on the ground of newly discovered evidence, the evidence must be shown to be material and not merely cumulative; and it must appear that it could not have been obtained by reasonable diligence on the former trial. (Goff vs. Mulholland, 33 Mo., 203; Howell vs. Howell, 37 Mo., 124; Mellier vs. Farmer, 36 Mo., 35.)

The court committed no error in overruling the defendants' motion for a new trial, and, in fact, we see no error in the record of the cause. The judgment must be affirmed.

Judges Napton and Wagner absent. The other judges concurring, the judgment is affirmed.