## THE STATE v. WHEELER, *Appellant.*

1.  **Criminal Law :** SEDUCTION OF FEMALE UNDER PROMISE OF MARRIAGE : PRIOR ACTS OF UNCHASTITY OF PROSECUTRIX. On the trial of an indictment, under Revised Statutes, section 1259, for seducing a female under promise of marriage, it is competent for the defendant to show that, prior to the time of the alleged seduction, the prosecutrix was guilty of acts of lewdness and unchastity with other men than the defendant. (*Affirming The State v. Patterson*, 88 Mo. 88.)

2.  **Practice, Criminal :** MOTION FOR NEW TRIAL. The motion for new trial held to have been improperly overruled in this case, as the newly-discovered evidence of sexual intercourse with other men previous to the alleged seduction, which was the ground of the motion, was clearly admissible, and defendant was guilty of no laches, only becoming aware of such new evidence after trial.

*Appeal from Jackson Criminal Court.*—HON. H. P.. WHITE, Judge.

REVERSED AND REMANDED.

*Adams & Bowles, L. E. Wyne* and *L. Waters·* for appellant relied upon and cited : *State v. Patterson,* 88 Mo. 88 ; *State v. Miller,* 71 Mo. 590 ; *State v. Hill,* 91 Mo. 423 ; 1 Greenl. Evid. (14 Am. Ed.) sec. 461 ;. Rosc. Crim. Evid. (6 Am. Ed.) 765 ; *State v. Murray,.* 91 Mo. 103, and R. S., sec. 1259.

*B. G. Boone,* Attorney General, for the state.

NORTON, C. J.—Defendant was indicted at the February term, 1884, of the criminal court of Jackson county, and charged with having seduced and debauched, under promise of marriage, one Nancy Wheeler, an unmarried female of good repute and under· twenty-one years of age. On the trial he was convicted, and from the judgment, sentencing him to imprisonment in the penitentiary, has appealed, and assigns for· error the action of the court in receiving improper evidence and in giving improper instructions.

It is clear, from the record before us, showing as it does, that, in the reception of evidence and in giving instructions, the criminal court tried the case on the theory announced in the case of *State v. Brassfield,* 81 Mo. 151. This is shown by the first instruction given by the court, in which it is said that " repute, for the purposes of this trial, is limited to the female's reputation for chastity, and signifies the *esteem* in which she is held generally for chastity in the neighborhood where she· resided, or among those with whom she associated." It is further shown by the action of the court, in limiting· the enquiry, as to the reputation of the prosecutrix;.

only to her reputation for chastity in the neighborhood where she resided, " or among the people who knew her, or with whom she associated." The doctrine announced in the case of *State v. Brassfield, supra*, touching this point, is expressly overruled in an exhaustive opinion in the case of *State v. Patterson*, 88 Mo. 88, where it is held that, in such cases, it is competent for the defendant to show that, prior to the time of the alleged seduction, the prosecutrix was guilty of acts of lewdness and unchastity with other men than the defendant.

In view of this, and the concession made by the prosecuting officer, that the newly-discovered evidence set forth in defendant's motion for new trial, with accompanying affidavits, to the effect that, previous to the alleged seduction, the prosecutrix, on many occasions, had sexual intercourse with other men than defendant, was clearly admissible under the rule laid down in case of *State v. Patterson, supra*, and that defendant was not guilty of laches, and only became aware of the facts after trial, we are of the opinion that the court committed error in overruling the said motion.

Judgment reversed and cause remanded, in which all concur, except Ray, J., absent.