THE MAYOR, Etc., OF LIBERTY, v. BURNS, *Appellant.*

Division Two, February 28, 1893.

1. **Land Title:** GOVERNMENT SURVEYS: CORNERS. In establishing section lines, corners shown to have been originally made by the government surveyors are conclusive and will be accepted as the true corners, however inaccurately they may have been originally established.

2. ———: ———: ———: EVIDENCE. The identity of the government corners, or of the monuments bearing witness to them, can be shown by the testimony of any one having knowledge of the fact and does not depend for proof upon the record of a survey by a county surveyor.

3. **Practice:** NEWLY DISCOVERED EVIDENCE: REOPENING TRIAL. The reopening of a case several days after the conclusion of the trial for the purpose of admitting newly discovered evidence is a matter within the discretion of the trial court.

4. ———: ———: ———. Such discretion will not be interfered with by the supreme court except in case of manifest abuse.

5. ———: ———: NEW TRIAL. The circumstances under which a motion for new trial will be sustained because of newly discovered evidence considered and stated.

ON REHEARING.

6. **Practice, Appellate:** INSTRUCTIONS. Judgments of the trial court will not be reversed because of instructions which are subject to mere verbal criticisms or technical objections.

7. ———: NEWLY DISCOVERED EVIDENCE. A new trial will not be granted because of newly discovered evidence which is simply contradictory of that previously given and which would probably not produce a different result.

*Appeal from Clay Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*D. C. Allen* for appellant.

(1) The circuit court erred and improperly and unsoundly exercised its discretion in overruling appellant's motion to reopen the case and permit Thomas B. Rogers to testify. 1 Thompson on New Trials, sec. 348; *Walker v. Walker*, 14 Ga. 250; Hilliard on New Trials, sec. 62, p. 331; *Worthington v. Hiss*, 70 Md. 172; 19 Md. L. J. 919; 16 Atl. Rep. 534; 17 Atl. Rep. 1026; *West v. Cameron*, 39 Kan. 736; 18 Pac. Rep. 894. (2) The court erred in overruling appellant's motion for a new trial on the ground of surprise occasioned by the testimony of Reuben J. Stepp in reference to the alleged existence of the "stump" of a witness tree near the northeast corner of section 7. (3) The circuit court should have sustained appellant's motion for a new trial on the ground of the newly discovered evidence therein indicated and supported by the affidavits filed with it. Appellant only became aware of the new evidence after the trial, nor could he have become aware of it before. *Goff v. Mulholland*, 33 Mo. 203; *Mills v. Sampsel*, 53 Mo. 360; *State v. Wheeler*, 94 Mo. 252; *Howland v. Reeves*, 25 Mo. App. 458. (4) The court erred in giving respondent's instruction number 1.

*Simrall & Trimble, G. F. Isgrig & W. M. Burris* for respondent.

MACFARLANE, J.—Plaintiffs sued in ejectment to recover possession of a strip of land two feet wide and about sixty-nine feet in length, lying adjacent to and

along the east end of lot 8, in block 6, Allen & Burns' addition to the town of Liberty, which plaintiffs claim is a part of Lightburn street. Defendant claims that he was only in possession of lot 8 and occupied no part of the street. The controversy was over the true line between the east end of said lot and the west side of said street. The case was tried to the court without a jury and the finding was for the plaintiffs for the land claimed and defendant appealed.

As is usual in contests over division lines, there was great conflict in the evidence, particularly in the testimony of the surveyors, who differed as to locations of certain corners. We have looked through and examined the testimony carefully, as also the instructions, and can find no disputed legal principle of surveying involved in the case. The theories of surveying upon which the case was tried by defendant were adopted by the court in a series of carefully prepared declarations of law asked by him. One declaration of law asked by plaintiffs and given by the court is objected to by defendant as presenting an erroneous theory. This will be considered.

The disputed corner was the northeast corner of section 7. The evidence tended to prove that the witness trees and other government monuments of this corner had been destroyed and obliterated and the corner lost prior to 1871; that the county surveyor, during that year, established such corner in the manner provided by the statute and again in 1889 another surveyor of the county reestablished the corner which corresponded with that previously established. On the other hand plaintiff offered evidence tending to prove that a stump of an original government witness tree to this corner was found by a surveyor of the county in 1887 and from that the true corner was found. These facts were testified to in chief by a

witness, R. J. Stepp, who was county surveyor for eight years. The case was submitted to the court and taken under advisement.

If the corner was lost by reason of the destruction or obliteration of the government monuments, then the corner established would place the improvements of defendant on lot 8; if the government corner was known from the stump of the witness tree, then the proper line therefrom would place the improvements on the street as charged.

Afterwards, some days and during said term, on March 1, 1890, defendant filed in the cause his motion and affidavit asking to be permitted to introduce newly discovered, material evidence, which was denied him. One of the grounds for new trial assigned by defendant in his motion was the discovery since the trial of new and material evidence.

I. The declarations of law given at request of the plaintiffs of which complaint is made declared, in effect, that when a witness tree of a section corner remains, then the corner is not lost; and if witness Stepp, while county surveyor, when surveying the ground afterwards platted, and known as Allen and Burns' addition, found the stump of the witness tree at the corners of sections 5, 6, 7 and 8 and from said stump ran a line, the proper distance and at the proper angle as called for by the field notes of the original United States survey, and thereby located the said corner, and from said corner so located, established the section line between sections 7 and 8, by running a line from the southeast corner of section 7 to said corner so located, and that a line running parallel to said section line, and at a distance of seven feet to the west of the same, would lie west of the east line of the barn of Peter B. Burns, then the finding will be for the plaintiff.

"In establishing section lines, the witness trees and monuments of the original surveys made by the United States government, no matter how inaccurate they may be, control over more recent surveys, though the latter may clearly show that the former were grossly erroneous." It was admitted that the west line of the street was seven feet west of the east side of section 7.

This declaration of law correctly declares the well settled principle that corners which are shown to have been originally established by goverment surveyors are conclusive and shall be accepted as the true corners, however inaccurate the work by which they were originally established may have been. If witness trees or other goverment monuments are known or found and identified, the corners to which they refer must be ascertained by reference to them, and not by the regulations provided for establishing lost corners. *Climer v. Wallace*, 28 Mo. 559; *Knight v. Elliott*, 57 Mo. 325. The identity of these government corners, or of the monuments bearing witness to them, can be shown by the testimony of anyone having knowledge of the fact and does not depend for proof upon the record of a survey by a county surveyor. *Jacobs v. Moseley*, 91 Mo. 460; *Major v. Watson*, 73 Mo. 662.

The fact that county surveyor Stepp may have made no record of the discovery of the stump of the witness tree, or reference to it when he surveyed the land in 1887, goes to his credibility as a witness, rather than the competency of his testimony. The omission from the record of so important a fact might well have been considered in determining the weight to be given his testimony; but it would not be sufficient to justify the court in excluding it altogether.

II. The objection most seriously urged by defendant is to the ruling of the court in refusing to reopen the case and permit him to introduce evidence in

rebuttal to that of witnesses of the plaintiffs, which tended to prove that the northeast corner of section 7 as originally established by the government surveyors was known from the stump of a witness tree which had been recently discovered.   In support of the motion to reopen the case, defendant filed his affidavit to the effect that after the trial he learned for the first time that he could prove by Thomas B. Rodgers, surveyor of the county in 1871, and who made a survey of that date, read in evidence, that, in making said survey, it became necessary for him to ascertain the location of the norhteast corner of said section 7, and examined for the express purpose of finding the witness trees and monuments called for in the official field notes of said county as indicating said corner, and ascertained as a positive fact that all witness trees and government monuments named in said field notes as indicating the location of said corner were gone in August, 1871, and there were no stumps remaining of such witness trees; that he did not learn that Rodgers would so testify until the day succeeding the close of the case, and that he was taken by surprise by the testimony of Stepp.

One ground for a new trial urged by defendant was the alleged discovery after the trial of new evidence relevant to the issue, and rebutting the testimony introduced by plaintiffs, in reference to knowledge of the stump of a witness tree.   This ground of the motion for new trial was supported by the affidavits of defendant and four other persons, all of whom swore to facts and circumstances inconsistent with and contradictory of the evidence of witness Stepp and others in regard to the existence of such stump at the time fixed by these witnesses.   Defendant also swore that the evidence of these witnesses was discovered after the trial, and that he was taken by surprise when witness Stepp testified to having discovered said stump.

In regard to the denial by the court of the request of defendant to reopen the case several days after it had been closed, for the purpose of permitting the introduction of other evidence, we need only say that in this ruling of the court it was but exercising a judicial discretion with which this court should not interfere, unless it should be manifest that it had been grossly abused. *Johnston v. Mason*, 27 Mo. 511; *Owen v. O'Reilly*, 20 Mo. 604; *Christal v. Craig*, 80 Mo. 375. We are not willing to say, considering the time that had elapsed before the request was made and the fact that witnesses had left the court and possibly the county, that the court did not exercise sound and wise discretion in denying the request. To require a trial court to permit additional testimony to be given by one party several days after the case had been closed, as was asked in this case, would be enforcing a practice which might lead to the grossest abuses. The only true rule is to leave these matters of practice to the sound judicial discretion of the trial court.

III. In speaking upon this ground for a new trial, Hilliard, in his work on New Trials, page 491, says: "The general rule upon this subject is, that after-discovered evidence, in order to afford a proper ground for a new trial, must be such as reasonable diligence on the part of the party offering it could not have secured at the former trial; must be material in its object, going to the merits of the case, and not merely cumulative and corroborative or collateral; and must be such as ought to be decisive and productive on another trial of an opposite result on the merits." To the same effect see *Goff v. Mulholland*, 33 Mo. 503; *Mills v. Sampsel*, 53 Mo. 360; *State v. Wheeler*, 94 Mo. 252; *State v. McLaughlin*, 27 Mo. 111.

It is also well settled that the object of the newly discovered evidence must be not merely to impeach the

credit or character of a witness. *State v. Ray*, 53 Mo. 349; *State v. Butler*, 67 Mo. 63; *State v. Rockett*, 87 Mo. 667.

It is rare that a defeated party is not afterwards able to remember evidence which was before the trial thought unimportant; disappointed friends also come forward with the information of facts which were not previously disclosed, and, if the discovery of new material evidence alone would be ground for new trial, there would be no end to litigation. Hence it is said: "Motions of this kind are to be received with great caution because there are few cases tried in which something new may not be hunted up; and because it tends very much to the introduction of perjury, to admit new evidence after the party who has lost the verdict has had an opportunity of discovering the points both of his adversary's strength and his own weakness." *Moore v. Bank*, 5 S. & R. 41; Hilliard on New Trials, 493. New trials on that ground should "be granted as an exception and refused as a rule." *Cook v. Railroad*, 56 Mo. 382.

These rules must be applied to all cases, though, as in this one, there is nothing to raise a suspicion as to the truthfulness and honesty of the new evidence.

The record shows that witness Stepp testified as one of the first of the witnesses who were called in chief in behalf of plaintiff. In this examination he told about finding the stump of the witness tree. The newly discovered evidence tended to contradict this testimony of Stepp, and to prove that no such stump had existed within the memory of man. One former surveyor, who had surveyed over the same section corner, was named in the motion for new trial as a witness whose evidence had been discovered since the trial. Now this witness was examined by defendant in reference to this survey

after Stepp had testified. Another witness who had also been a county surveyor and who had surveyed this land and established this corner, and whose survey was put in evidence, lived within seven miles of the place of trial. These were not examined as to the existence of the stump. Other witnesses testified to the establishment of this as a lost corner, which implied the destruction or obliteration of all government monuments.

While there is no doubt this new evidence, if it had been introduced, may have had weight with the trial court, still we are convinced that it was only cumulative and contradictory of witness Stepp, and that, had the evidence been deemed of importance at the time, so far as appears, it could have been obtained at the trial without difficulty. Under the foregoing rules we do not think cause for a new trial on account of newly discovered evidence shown.

There was a conflict in the evidence; the declarations of law given show that the issues were determined by the court upon correct legal principles; the finding of the court was justified by the evidence, and we do not think the judgment should be disturbed. Judgment affirmed. All concur.

ON REHEARING.

BURGESS, J.—I. In his motion for rehearing the defendant claims that the court overlooked his objections to plaintiff's first instruction, to which he makes many.

The chief objection to the instruction is because of the clause which reads as follows, viz.: "If the court believes from the evidence that R. J. Stepp was county surveyor of Clay county, Missouri, at the time he made the survey of the piece of ground afterwards platted

.and known as Allen & Burns' addition to the city of Liberty, and at said time found the stump of the witness tree at etc.'' Defendant claims that the instruction is wrong, because of the fact that it refers to Stepp as county surveyor and to the finding of the stump of a witness tree at the corner of sections 5, 6, 7 and 8, by him, when in fact he made no record of the survey, thereby attaching to his testimony more importance and weight than it was entitled to, over and above other witnesses of like experience and occupation.

The cause was tried by a court of experience and learning and it is utterly impossible to see how he could have been misled by this instruction or have attached any undue importance to the testimony of this witness. It is certainly not to be inferred from the fact that the instruction refers to 'him as county surveyor. Something must be conceded to the intelligence and powers of discrimination of the trial court in all matters that come before it, and more especially in passing upon the weight of testimony, and the credibility of witnesses with whose characters and standing he is in a large degree quite familiar, and especially is this true in the rural districts. If cases were to be reversed because of giving instructions subject to verbal criticism or technical objections, there would be but few that would withstand the assaults of the legal critic.

It is rarely if ever that two different surveyors run the same line in the same place, and, in controversies over surveys and boundary lines as in the case at bar, it may be safely stated that there is no question arising in the practice of the law where witnesses are so certain to differ, and where the evidence is so universally conflicting, as in cases of this character.

We think that the instruction presented fairly the law of the case as far as it went, and that defendant's rights were not prejudiced thereby. The instructions taken

as a whole seem to be in line with the rule laid down by this court in the cases of *Jacobs v. Moseley*, 91 Mo. 457 and *Knight v. Elliott*, 57 Mo. 317, and were certainly authorized by the evidence.

Nor is there any conflict between the instructions given on the part of the plaintiff and those given in behalf of the defendant. They simply present different theories of the case as presented by the evidence.

II. It is also claimed by defendant that the court committed error in refusing to open the case after it had been finally submitted, and in refusing to allow defendant to introduce other and additional evidence. The case was tried on the twenty-eighth day of February, 1890, and the court held it under advisement until the twenty-second day of April next thereafter. On the twelfth day of March after the cause was submitted, defendant asked permission to introduce newly discovered and material evidence, which the court declined to do. This was a matter entirely within the discretion of the trial court, and unless this discretion was unwisely or harshly exercised we have no authority whatever to interfere.

There was a vast amount of testimony introduced on the trial, pro and con, and it would seem that neither of the parties have any cause to complain because of the want of a fair and impartial trial. After the court had heard the voluminous amount of evidence that had already been introduced, it was certainly no abuse of its discretion to refuse to reopen the case. Not only this but the newly discovered evidence was simply contradictory of the statements of the witness Stepp and would not in all probability have produced a different result of the cause, and where such is the case a new trial will not be granted. *State v. Welsor*, decided at this term, and authorities therein cited.

After a careful review of all the authorities cited by appellant, we are entirely satisfied with the opinion of Judge MACFARLANE, and that the judgement ought to be affirmed. All of this division concur.