MARTIN HEINTZ, Respondent, v. PHILIP MERTZ,
Appellant.

St. Louis Court of Appeals, May 15, 1894.

1. **Practice, Appellate :** WEIGHING THE EVIDENCE. It is not the func-
tion of this court to weigh the evidence in an action at law.

2. ———: MOTION FOR NEW TRIAL: NEWLY DISCOVERED EVIDENCE. A
new trial will not be granted for newly discovered evidence, the
effect of which is merely to discredit witnesses for the successful
party.

*Appeal from the St. Louis County Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED.

*D. C. Taylor* for appellant.

No brief filed for respondent.

BOND, J.—Plaintiff sued defendant for the value of certain articles of personal property, hauled by defendant from the farm of plaintiff.

The account filed before the justice is, to wit:

PHILIP MERTZ TO MARTIN HEINTZ.

| | |
|---|---:|
| 1 cedar post...... ................................................... | $ 25 |
| 1 pipe elbow from ice box......................................... | 1.25 |
| 1 bedstead ....................................................... | 2.00 |
| 1 back breeching, to harness. ... ............................... | 3.00 |
| 6 window glasses .............................. ................. | 60 |
| | $7.10 |

There was a judgment for the defendant before the justice, upon appeal from which a verdict was rendered in the circuit court for $3 in favor of the plaintiff.

The cause was tried in the circuit court by the judge sitting as a jury. From the judgment rendered for plaintiff this appeal is taken, wherein the errors assigned are that the judgment is not supported by the evidence, and that the court erred in overruling defendant's motion for new trial.

While the weight of the testimony adduced appears to favor the theory of defendant, that the articles sued for were the property of one Menor for whom defendant was engaged in removing them from the farm of the plaintiff, on which said Menor had been a tenant of a former proprietor, still there was some substantial evidence that the harness mentioned in the account was the property of the plaintiff, and that plaintiff warned defendant against its removal.

In this state of the record we can not under the first assignment of error disturb the verdict, since appellate courts have no power to weigh the evidence in actions at law. Nor can we perceive any ground for sustaining the assignment of error relating to the overruling of the motion for a new trial.

The grounds of the motion are: *First.* Surprise

as to the testimony of plaintiff's witness, McElhinney. *Second*. Newly discovered evidence of Michael Juhu.

As to the variance, if any, in the testimony of witness McElhinney, it is apparent that it did not inure to the prejudice of defendant for these reasons: The only difference claimed in the testimony of this witness is that on the trial before the justice he testified that he gave Menor the "cedar post as well as the other posts," and that in the circuit court he testified that he gave the "other posts," but not the "cedar post." It is apparent from the items of account and the evidence, that the verdict was based on an allowance of the item of harness charged at $3. Hence it is not material what evidence was given as to the posts.

We see nothing in the affidavit in support of the ground of newly discovered evidence, which would authorize us to reverse this judgment for failure to grant a new trial. On this subject the rule is *(Mayor of Liberty v. Burns*, 114 Mo. 432) "that after-discovered evidence, in order to afford a proper ground for a new trial, must be such as reasonable diligence on the part of the party offering it could not have secured at the former trial; must be material in its object, going to the merits of the case, and not merely cumulative and corroborative or collateral; and must be such as ought to be decisive and productive on another trial of an opposite result on the merits. To the same effect see *Goff v. Mulholland*, 33 Mo. 203; *Mills v. Sampsel*, 53 Mo. 360; *State v. Wheeler*, 94 Mo. 252; *State v. McLaughlin*, 27 Mo. 111. It is also well settled that the object of the newly discovered evidence must be not merely to impeach the credit or character of a witness. *State v. Ray*, 53 Mo. 349; *State v. Butler*, 67 Mo. 63; *State v. Rockett*, 87 Mo. 667."

The only effect of the statements in the affidavit is to contradict the testimony of plaintiff and his son as

to the use of the harness sued for in making hay, the affidavit stating that a wagon or buggy harness was used for this purpose, and the witnesses in question testifying differently. At most, the statements of the affidavit tended to discredit the witnesses for plaintiff. The court did not, therefore, err in overruling the motion for new trial on this ground.

There being no reversible error in the record, the judgment herein is affirmed. All concur.