## MARY FRANCES CLEMONS, Respondent, v. WILLIAM EZRA SEBA, Appellant.

Kansas City Court of Appeals, June 8, 1908.

1. MARRIAGE: Breach of Promise: Seduction: Definition. Seduction in a breach of promise action is allowed to be shown in an aggravation of damages and in general terms means a withdrawal of one from the path of rectitude, and as applied to intercourse with a woman under promise of marriage, implies a woman of previous chaste character.

2. ———: ———: ———: Evidence: Illicit Intercourse. In such an action evidence that the plaintiff had been guilty of illicit relations with other men about the time named, is admissible as bearing on her previous chastity. [Cases applied.]

Appeal from Gasconade Circuit Court.—*Hon. R. Steele Ryors,* Judge.

REVERSED AND REMANDED.

*Breuer & Hensley* for appellant.

(1)  The evidence offered by defendant, to show that prior to the engagement and prior to the seduction as alleged by plaintiff in her petition, the plaintiff had been guilty of acts of lewdness and unchastity with other men than defendant, should have been admitted for the purpose of mitigating the damages. Cole v. Holliday, 4 Mo. App. 94; State v. Patterson, 88 Mo. 89.  (2)  The court should have given the following instructions offered by the defendant to wit:  Although

the jury may find and believe from the evidence that there was promise of marriage between plaintiff and defendant as alleged in plaintiff's petition, yet if they further believe and find from the evidence that on the 4th day of April, 1907, plaintiff gave birth to a mature female child and that defendant is not the father of said child, then they will find for the defendant.

*C. G. Baxter,* for respondent, filed no brief.

ELLISON, J.—Plaintiff alleged a contract of marriage with defendant and charged him with a breach of his promise. She likewise charged him with seduction. The trial in the circuit court resulted in her favor.

There was evidence tending to prove the contract and its breach by defendant's refusal. There was also evidence showing plaintiff to have been delivered of a child. There was evidence tending to show that defendant was the father of the child and evidence tending to show that he was not. The court admitted evidence in behalf of defendant tending to show that plaintiff was a woman of bad reputation for chastity; but refused to allow evidence tending to show that she had had sexual intercourse with other men before and after the date fixed by her as the date of the engagement to marry.

Seduction, in an action for breach of promise to marry, is allowed to be shown in aggravation of damages. Seduction, in general terms, means to withdraw one from the path of rectitude. It is a leading astray. And, as applied to intercourse with a woman under a promise of marriage, it implies that a woman of *previous chaste character* has been induced to consent to unlawful sexual relations by persuasion and the promise to marry. Therefore, evidence of previous unlawful intercourse with others destroys the very basis upon

which seduction must rest, viz., previous chastity, and would relieve the case of such aggravating circumstance. The evidence should have been admitted. [State v. Patterson, 88 Mo. 89; State v. Wheeler, 94 Mo. 252; State v. Sharp, 132 Mo. 165; Broyhill v. Norton, 175 Mo. 190; Cole v. Holliday, 4 Mo. App. 94.]

A woman might bear a general bad reputation in the community in which she lives and yet, in actual fact, might not have been guilty of illicit intercourse. As stated, there was evidence tending to show defendant to be the father of the child and evidence to the contrary. Intercourse with others at and near the times charged against defendant would tend to support his denial.

The cases above cited (State v. Patterson and State v. Wheeler) were based on a statute making one guilty of a felony who, under promise of marriage, seduces a woman "of good repute." But the reasoning of the cases applies to a civil case of this character. Those words, or those of like character, are not in the Michigan statute and yet the Supreme Court of that State held that previous intercourse with other men went to disprove seduction, as that word is understood to mean in this connection. [People v. Clark, 33 Mich. 112.] That case is quoted and approved in State v. Patterson.

The judgment should be reversed and the cause remanded. All concur.