BY THE

### ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1917.

---

## EDITH DREIBELBISS, Respondent, v. J. C. BANNER, Appellant.

### Kansas City Court of Appeals, April 30, 1917.

1. **BREACH OF PROMISE: Reiteration: Breach: Reconcilation.** A contract of marriage made during a protracted courtship, from the nature of the parties and of the courtship itself, is one that is constantly being restated or reaffirmed, but it is one contract, not separating into distinct agreements at each protestation. And if there be a breach followed by reconciliation and renewal of promise, the original contract continues.

2. ———: **Rescission: New Contract: Substitution: Seduction: Evidence.** A contract of marriage may be mutually rescinded like any other contract. If afterwards another engagement is made it would constitute a new agreement. But a refusal to comply by one and an institution of an action for damages by the other, and a reiterated promise by the former, immediately followed by a dismissal of the action and then another refusal followed by re-instituting the action is not a rescission; nor is it a substitution of a new contract for the old, and seduction following the first promise, but not repeated after the last, may be given in evidence on the second action.

3. ———: **Instruction: Former Chastity.** An instruction authorizing allowance of damages for seduction in a breach of promise action should include a hypothesis whether the plaintiff was formerly chaste. But if such hypothesis is stated in defendant's instructions it will suffice.

236

Dreibelbiss v. Banner.

4. ——: Unsigned Memorandum: Abstract. Where error is charged in admitting in evidence an unsigned written memorandum and the appellant omits to include the paper in his abstract, the error cannot be noticed on appeal.

5. ——: Excessive Verdict. In an action for breach of promise where seduction and abortion appear together with a fraudulent renewal of the promise after once breaching the contract seven thousand and five hundred dollars is not an excessive verdict.

6. ——: Argument: Remarks of Counsel. In the argument to a jury in an action for breach of promise it is not reversible error for counsel for plaintiff in referring to the defendant, to say, "If you remove his shirt you will find written plainly across his back 'without recourse.'"

Appeal from Linn Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*Burns, Burns & Burns, Sebree, Conrad & Wendorff* and *Ray B. Thomson* for appellant.

*Atwood & Hill* and *Bresnehan & West* for respondent.

ELLISON, P. J.—Plaintiff's action is for breach of promise of marriage. She recovered judgment in the trial court.

It appears from the evidence that defendant began to court her in the year 1913, and that shortly they became engaged to be married; each promising to marry the other. That these promises were repeated from time to time during the courtship. That during this time defendant seduced her and continued his illicit relations, all the time renewing his promise of marriage. Finally, without cause, he broke his promise and refused to marry. Plaintiff then brought an action for breach of promise, charging the seduction in aggravation. Then defendant sought her out, persuaded her to dismiss the action and again promised to marry her, but there was no further illicit relation. Again he broke his promise and again he re-

fused to marry. Thereupon she brought the present action in which the original promise and seduction and breach of the original promise is alleged, together with his subsequent promise and refusal.

One of the chief points made against the judgment is that when defendant refused to marry plaintiff and she accepted the refusal as a breach and instituted her action, the contract was at an end; and the subsequent engagement and promise was a new contract which was declared on as such and that as there was no seduction connected with the last promise, it was error to allow any evidence or enhancement of damages on account of seduction.

Defendant has cited us to an array of authority that a new, or substituted contract is the contract which must be pleaded and depended upon for recovery. That the substitution of the second for the first, is an abandonment of the latter, the substitution and abandonment becoming the consideration supporting the new contract.

But, in our opinion, the facts pleaded do not show a new contract. They show the same contract renewed, restated, or reaffirmed at different times, A contract of marriage which is made during a protracted courtship, or which is followed by courtship, from the very nature of the contract and the contracting parties, is one that is being constantly restated with no thought of anything more than a reaffirmation of the original promise. "It may be that one or the other of the parties is guilty of a breach. If reconciliation and new promise follow, the breach is waived. The contract continues." [Garmong v. Henderson, 112 Maine 383; 9 Corpus. Juris. 333.]

It is true that a contract of marriage may be mutually rescinded like any other. But a refusal to comply by one and the institution of an action for damages by the other, and a reiterated promise by the former, immediately followed by a dismissal of the action and then another refusal, followed by reinstituting the action, is not a rescission, nor is it a substi-

tution of a new contract for the old, and seduction following the first promise, but not repeated after the last, may be given in evidence on the second action.

Defendant must have recognized this as the law for he did not state such point during the trial, nor did he object to the evidence offered in proof of the seduction, and he is thus cut out of any right to bring it forward on appeal.

Evidence was heard tending to show that plaintiff previously to her intercourse with defendant was unchaste. While this was not credited by the jury, yet it should not be shut off from consideration. In this connection defendant claims that error was committed in plaintiff's instruction No. 3, authorizing the allowance of damages for the seduction, without qualifying it with the hypothesis of her being chaste prior to defendant's conduct (Clemons v. Seba, 131 Mo. App. 378). But that qualification was expressly submitted to the jury in more than one of defendant's instructions, which relieves the case from error in the respect mentioned.

Defendant complains of the action of the court in admitting in evidence an unsigned memorandum made by the doctor, to whom defendant sent her, in reference to an abortion he committed on her. The preliminary evidence leading up to its admission seems to justify the court. But we are not in position to pass definitely on the point, since defendant has left the paper out of the record. It was his duty as an appellant to insert it in the abstract. [State ex rel. v. Thomas, 245 Mo. 65.]

The foregoing disposes of all objections made to the judgment in defendant's "points and authorities," except that the verdict is against the weight of the evidence, that it is excessive, and improper remarks of counsel. We must overrule each of these. The weight of the evidence was for the jury; but in passing on the point of excessiveness of the verdict we have examined the evidence and find no cause for the claim that the weight of it was against plaintiff's case.

The whole matter rested upon the belief of the jury.

The verdict was for $7,500. The evidence seems to have satisfied the jury that she was the innocent and injured party. The treatment she received at his hands could scarcely be more aggravated. She was shown to be a good woman, led astray by defendant's false promises, with the most humiliating and dangerous consequences. He cast her aside. She brought an action against him. He then persuaded her to dismiss the case by renewing his false promises and then almost immediately breaking them. We think the jury did not unduly measure her wrong.

The remark of counsel in referring to defendant, in course of argument, to which exception was taken was that. "If you remove his shirt you will find written plainly across his back, 'without recourse.'" We are not prepared to say that this was so improper considering the character of case and the defense made, as to justify a reversal of the judgment. If counsel had asked the jury to look at defendant's forehead and see those words written thereon, probably nothing would have been thought of it. What was said was substantially the same thing, except that it involved a little more ceremony. At any rate, the court sustained the objection made to the remark and there the matter ended. Defendant did not ask a reprimand.

Looking to the whole record we find the law of the case properly applied. The questions of dispute as to the facts were properly submitted to the jury and we must be content with the verdict. The judgment is affirmed. All concur.