Rosa STEWART, Respondent,

v.

MANOR BAKING COMPANY and Willard Lassiter, Appellant.

No. 24311.

Kansas City Court of Appeals. Missouri.

Dec. 6, 1965.

William A. Rundle, Jr., Morrison, Hecker, Cozad & Morrison, Kansas City, for appellants.

Phillip L. Baker, Jack C. Terry, Independence, for respondent.

MAUGHMER, Commissioner.

On September 13, 1961, the plaintiff, Rosa Stewart, took a truck owned by herself and her husband onto the grounds of defendant Manor Baking Company's plant, located at 4050 Penn Avenue in Kansas City, Missouri. At this plant the company offered for sale stale bread which was widely used as feed for livestock. The Stewarts operated a farm and fed livestock. The purpose of her visit was to purchase and haul away a truckload of this bread. She was accompanied by one James Wilson, a colored man, who was the Stewart's farmhand employee. While on the bakery premises Mrs. Stewart was injured.

On September 27, 1963, more than two years later, Mrs. Stewart commenced this lawsuit by filing her petition for damages in the Circuit Court of Jackson County, at Independence, Missouri. Therein she alleged that she was on the company's premises by its invitation to procure, purchase, load and haul away a truckload of stale bread; that while the truck was at Manor's loading dock and being loaded under Manor's direction, the defendants (Manor and William Lassiter, general manager of the plant and a named defendant) "through one of their agents, servants and employees, carelessly and negligently loaded said goods, causing the tail gate of said truck to fly open and to strike plaintiff and cause her to be thrown violently to the ground, resulting in injuries to plaintiff."

Mrs. Stewart in her respondent appeal brief says her testimony was that "the tail gate fell after a Manor employee had 'fiddled' with the crossbar on each end of the tail gate and prior to this, defendant had stomped on the bread and the tail gate did not fall until after he had 'fiddled' with the crossbar." The record before us does not include a transcript of Mrs. Stewart's testimony—in fact none of the actual testimony heard at the abbreviated trial is included.

A trial was commenced before Judge John R. James and a jury on December 1, 1964. After all of plaintiff's evidence *as to liability* had been presented and plaintiff's counsel had so stated, the court took up, considered and sustained defendants' motion for a directed verdict on the ground there was no proof of defendants' liability. A verdict for the defendants was returned by direction of the court and judgment was entered accordingly.

On December 8, 1964, plaintiff filed her motion for new trial containing seven stated grounds: Grounds 1, 2, 5, and 7, alleged in substance (a) The Court erred in directing a verdict because plaintiff's evidence showed negligence to the extent necessary and liability to the extent necessary to entitle her

to go to the jury, and (b) The Court erred in not allowing plaintiff to present all of her evidence. Her Points 3, 4, and 6 requested a new trial because of newly discovered, pertinent, decisive and now available evidence, namely, the personal presence and oral testimony of James Wilson, the colored farmhand who had accompanied her on the illfated trip to the bakery. To this motion was attached an affidavit by James Wilson, which he had executed on December 4, 1964. .

This motion for new trial was not presented and heard until March 5, 1965, or 87 days after it was filed. During the interval Judge James had passed on and Judge Jensen was sitting. Arguments of counsel were heard, the Wilson affidavit was considered and Mr. Jack Terry, plaintiff's attorney, testified. He said he knew about Wilson long before the trial and had advised plaintiff of his importance as a witness, but that Wilson had left plaintiff's employ about three months after the accident. He stated that plaintiff had endeavored to locate him by inquiries of neighbors, telephone calls and one letter to Oklahoma. Apparently after the trial the witness was located through inquiries made of plaintiff's niece. Judge Jensen then indicated he was disposed to overrule the motion, but said he would hear testimony from the plaintiff herself as to her earlier efforts to locate Mr. Wilson if this testimony was presented within the three days remaining during which the Court had power to act on the motion.

On Monday, March 8, 1965, on the last remaining day, an affidavit executed by plaintiff was filed. Therein she stated she was unable to appear personally because a severe snow storm made it impossible for her to get through her driveway in Muncie, Kansas, where she then resided. In the affidavit she detailed her efforts to locate Mr. Wilson, told how she had contacted two colored acquaintances, had made inquiries at the local store and talked with his sister, all of which availed nothing. She declared that after the trial, through the assistance of her niece, Wilson had been located. This affidavit was not, of course, attached to the motion for new trial as is required by Civil Rule 78.03, V.A.M.R. On the same day the relieving trial judge, Honorable Richard C. Jensen, sustained the motion for new trial and set aside the directed verdict "on grounds set out in paragraphs numbers 3 and 4." Defendants have appealed.

■ We shall first discuss and dispose of those points presented on appeal by both defendants and plaintiff which we believe are not ultimately decisive. The respondent plaintiff tells us first that the Court erred in directing a verdict for defendants because plaintiff's evidence at the trial did make a submissible case. She says the new trial award corrected such error, and on this ground alone we should affirm. In this connection we note that the trial court did not grant a new trial on this point. Judge Jensen had not heard the trial testimony and no transcript of any part of such testimony was prepared and submitted to him. Furthermore, his new trial order specifically declared that the motion was sustained on the basis of newly discovered evidence. We are fully cognizant of our authority to approve the action of the trial court in granting a new trial, even if for a different reason than the one which impelled it to do so. However, this court, too, not only did not hear plaintiff's evidence on the issue of liability, but we do not have a transcript containing any part of such testimony. True, defendants are the appellants here and in such capacity directed preparation of the appeal transcript, which is before us. However, plaintiff was not precluded from filing in this court a transcript of the testimony relating to liability if she deemed it essential. While plaintiff has not in her brief on appeal abandoned this point, we rule it has not been adequately presented since we do not know what her evidence was and consequently we deny plaintiff's contention on this point.

■ Defendants on their part say the new trial motion, including the supporting

affidavit by Wilson, "did not set forth the newly discovered evidence with sufficient detail so that the Court could judge the competency and materiality of the alleged newly discovered evidence." We quote from the Wilson affidavit: "A Manor employee came out and said the bread had to be torn up and he got up in the truck and was stomping it to crack the wrappers. I saw him loosen the nuts on each end of the tail gate bar as I came out of the door with a load of bread, and then he started stomping the bread again and the tail gate came down, hitting Mrs. Stewart on the head and knocking her down." We believe this quoted statement is in sufficient detail to enable the Court to determine both its competency and its materiality.

The next point concerns the affidavit of Mrs. Stewart which was filed on March 8, 1965 (90 days after the new trial motion was filed) and which was not attached to the motion. It could not have been so attached because it was filed later. Defendants say we may not, and the trial court should not, have considered this affidavit because it was "not submitted with nor attached to plaintiff's motion for new trial." We set forth Civil Rule 78.03:

"When any after-trial motion, including a motion for a new trial, is based upon affidavits, *they shall be served with the motion.* The opposing party has 10 days after such service within which to serve opposing affidavits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits. Depositions and oral testimony may be presented in connection with after-trial motions." (Italics ours.)

The opinion in Tuttle v. Tomasino, Mo., 336 S.W.2d 683, 687, 688, contains the following:

"On the contention most favorable to the plaintiff, the affidavits were not offered for filing until more than sixty days after the motion for new trial was filed. Plaintiff concedes that 'this procedure was not in strict accord with the statute' but asserts that since the defendant did not object 'in the record' at the time the motion for new trial was argued and did not ask leave to file counter affidavits, he is in no position to complain on appeal. Thorn v. Cross, Mo.App., 201 S.W.2d 492, 496, cited in support of this contention, is of no help to the plaintiff. In that case affidavits were filed with the motion for new trial. There is no showing in the present record that the affidavits were served on the defendant at any time. Section 510.350 further provides that the opposing party has ten days 'after such service' to serve opposing affidavits which time the court may extend for 'an additional period not exceeding twenty days.'

"Finding nothing in the record to relieve against the positive requirements of the statute, the affidavits cannot be considered, and the admissibility of the deposition must be determined on the record made at the trial."

We believe the discussion and ruling in Holt et al. v. Queen City Loan & Investment, Inc., Mo., 377 S.W.2d 393, 402, fits our case quite snugly. There the court said:

"In their motion for new trial plaintiffs sought a new trial because of newly discovered evidence. Several weeks after the motion was filed they filed five affidavits in support of that assignment. It appeared from those affidavits that the persons who signed them would have testified that Mr. Gabler knew of the foundation crack before October 31, 1960, and that he sometimes gave orders to the workmen on the project.

"Civil Rule 78.03 provides that affidavits supporting a motion for new trial 'shall be served with the motion.' The rule was not complied with in this

instance and therefore the affidavits should be disregarded."

From these decisions it appears that our Supreme Court has applied and enforced rigidly this mandatory requirement of Rule 78.03, supra. We conclude that Mrs. Stewart's affidavit is not and was not for consideration in connection with the motion for new trial because it was not submitted with, nor attached to, nor served with, the motion.

It is true, as plaintiff asserts, that the granting or refusal to grant a new trial must rest largely within the sound discretion of the trial judge and that discretion will not be disturbed unless clear abuse is shown. This conclusion is expressed in Young v. St. Louis Public Service Company, Mo., 326 S.W.2d 107, 113, cited by plaintiff. In that case after a verdict and judgment for plaintiff, defendant's counsel learned of a medical examination of plaintiff which had been made as a result of a later and different accident, and sought a new trial on the basis of this newly discovered evidence. The motion was denied. The Supreme Court said:

"The evidence relied upon is not sufficient to show due and proper diligence to discover and obtain the evidence now referred to as 'newly discovered evidence.' Grubbs v. [Kansas City] Pub. Serv. Co., 329 Mo. 390, 45 S.W.2d 71, 78(16). Further, the matter of granting a new trial on the ground of newly discovered evidence must always rest to a large extent within the sound discretion of the trial court and the court's ruling on such an issue should not be disturbed except for a clear abuse of the court's decision. * * * No abuse of discretion appears from this record. 'If the discovery of new, material evidence alone would be ground for a new trial, there would be no end to litigation.' Mayor of Liberty v. Burns, supra, 114 Mo. 426, 433, 19 S.W. 1107, 1109, 21 S.W. 728."

In Holt v. Queen City Loan & Investment, Inc., supra, the court cited with approval from the Young case and reiterated the requirements that must be met before a movant can be entitled to a new trial on the ground of newly discovered evidence:

"However, even if the affidavits are considered, they do not afford a basis for holding that the trial court abused its discretion in denying a new trial on the ground assigned. 'It is well settled that a party who seeks a new trial on such ground should (to obtain such relief) be required to show: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that it did not come sooner; (3) that it is so material that it would probably produce a different result if the new trial were granted; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be produced, or its absence accounted for; and (6) that the object of the testimony is not merely to impeach the character or credit of a witness.' Young v. St. Louis Public Service Co., Mo.Sup., 326 S.W. 2d 107, 111. In this case there was no showing of any reasonable excuse as to why this testimony cŏuld not have been obtained, with diligence, prior to trial. Also, the testimony would have been merely cumulative in that the same facts appear in the testimony of Mr. Heizelman."

In our case the testimony of Wilson would have been in part cumulative of the testimony of plaintiff.

As we view this matter, the vital question revolves around two of the prerequisites for granting a new trial on the ground of newly discovered evidence: (1) did the evidence come to movant's knowledge since the trial and (2) was it not owing to want of diligence that it did not come sooner, and was not produced at the first trial? We shall present our observations and views on this subject as applied to the instant case.

Certainly plaintiff's knowledge of the existence of the witness Wilson was known to her long before the trial. She knew at the time of the occurrence that he was a witness and excepting only defendant's employee, was the only eyewitness other than herself. She so advised her attorney long prior to the trial. Was his testimony "newly discovered evidence"?, or did plaintiff and possibly her attorney know what it would be prior to the trial? Mr. Wilson continued working for the Stewarts some three months after the accident. Immediately after her injury he either took her home or to see a doctor. It would seem likely that he immediately or at least shortly thereafter stated his version of what occurred, including what he saw defendant's employee do with respect to the truck tail gate. There is no evidence justifying an assumption that his first description of the occurrence (if he gave one) was different from the 1965 recitation contained in his affidavit. If Mrs. Stewart was contemplating suit and did not early learn the version of this only eyewitness, should it be ruled she was duly diligent and entitled to a second trial on the theory that Wilson's testimony is "newly discovered evidence"? Did plaintiff's attorney know about Wilson and did he have such knowledge of his probable testimony as impressed him with respect to its potential value and the necessity for it to be made available at the trial? In counsel's oral testimony in support of the new trial motion, he squarely stated that: "I advised her we should locate this Mr. Wilson", "I further advised her on several occasions that it was very important that we find this witness", "I think we made every effort we could to locate this man", "After the death of her husband she may have been a little less diligent because she was a little upset", and "Even up to the time of the trial I pointed out to her the importance of this one witness". We must consider some further facts: Plaintiff and her attorney say that they made diligent search for this witness for at least a part of the time between September 13, 1961, when the accident happened, or between September 27, 1963, when suit was filed and the trial date of December 1, 1964, and all without success. Nevertheless, within three days after the judgment was entered on December 1, 1964, this witness Wilson was located and his written affidavit, duly sworn to on December 4, 1964, had been procured. Where was he located? Right here in Kansas City, Missouri, where he resided at 3611 Wabash. How was he located? Plaintiff says through inquiries made of her niece. Where had this niece been prior to the trial? Well, for three months during the summer of 1964, she lived with plaintiff.

In State ex rel. State Highway Commission of Missouri v. Bloomfield Tractor Sales, Inc., et al., Mo.App., 381 S.W.2d 20, 25, the court said this:

"Generally, motions for new trial on the ground of newly discovered evidence are not favorites of the law. Public policy requires that litigation come to an end."

And in E—— v. G——, Mo.App., 317 S.W.2d 462, 468, 469:

"The courts have cast a rather jaundiced eye at motions for new trial on the ground of newly discovered evidence. While they are recognized as an occasionally necessary part of the procedure, they are treated with aversion rather than favor. They are examined with caution and construed with 'remarkable strictness.' Their ruling is held to be largely within the sound discretion of the trial judge, whose judgment thereon will not be overruled unless it appears to have been a manifest abuse of such discretion." See also Fidelity and Casualty Co. of New York v. Western Casualty and Surety Co. et al., Mo.App., 337 S.W.2d 566, 574.

This approach to the question and the rule itself has long been the law in this state. We find the following comment made long ago in the case of Mayor, etc. of Town of

Liberty v. Burns, 114 Mo. 426, 19 S.W. 1107, 1109:

> "Hence it is said: 'Motions of this kind are to be received with great caution, because there are few cases tried in which something new may not be hunted up, and because it tends very much to the introduction of perjury to admit new evidence after the party who has lost the verdict has had an opportunity of discovering the points both of his adversary's strength and his own weakness.' Moore v. Bank, 5 Serg. & R. 41; Hill, New Trials, 493. New trials on that ground should 'be granted as an exception and refused as a rule.' Cook v. [St. Louis &] Railroad Co., 56 Mo. [380] 382. These rules must be applied to all cases, though, as in this one, there is nothing to raise a suspicion as to the truthfulness and honesty of the new evidence."

■ We do not believe that a new trial is justified in this case. The witness Wilson is the newly discovered witness. His identity by name and as an eyewitness was known long prior to the trial. His probable, if not his actual testimony, was within the knowledge of both plaintiff and her counsel for years before the trial. It was not newly discovered afterward. Were diligent efforts made to locate the whereabouts of the witness Wilson prior to the trial and were reasonably diligent efforts made to procure his presence on trial day or assemble his testimony for use in that proceeding? We do not think so. The evidentiary facts which lead us to this conclusion have already been set forth. They need not be restated. In our opinion the trial court went over and beyond its discretion in granting a new trial in this case.

For the reasons stated herein, the order granting a new trial is set aside and the cause is reversed and remanded with directions to reinstate the judgment for defendants.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

CROSS, P. J., HOWARD, J., and FRANK W. HAYES, Special Judge, concur.

BLAIR, J., not participating.