THE STATE, Defendant in Error, v. McLAUGHLIN, Plaintiff in Error.

1. An application for a new trial on the ground of newly discovered evidence should, as a general rule, be accompanied by the affidavit of the party seeking the new trial; the affidavit of a third person should never be received without an explanation of the reason why the party himself omitted to make it.

*Error to St. Louis Circuit Court.*

*J. W. Sharp*, for plaintiff in error, cited 14 Johns. 294; 18 Mo. 321; 22 Conn. 156; 17 Wend. 460; 1 Hill, 94; 5 Gilm. 305; 1 Hawk P. C. 33; 7 M. & W. 623; 1 Hale, 506.

*Mauro*, (circuit attorney,) for the State.

RICHARDSON, Judge, delivered the opinion of the court.

It is sufficient to say, without analyzing the instructions that were given, that they presented the law of the case fairly to the jury, and on the hypothesis that the defendant found the pocket-book the law was stated in conformity to the opinion of this court in the case of the State v. Conway, 18 Mo. 321. The instructions asked by the defendant were properly refused because the principle contained in the first was covered by one already given, and the second was wrong because it assumed that larceny can only exist where the property stolen is taken from the possession of the owner, and excluded the idea that larceny can be charged in any case where the defendant acquires possession of property by finding it.

The motion for a new trial on the ground of newly discovered evidence was supported by the affidavit of the defendant's attorney and of the discovered witness, but the defendant personally did not make any statement or affidavit on the subject, and no reason is given for the admission. There are no doubt cases in which the affidavit that accompanies a motion for a new trial on account of newly discovered evi-

dence may properly be made by the attorney or some other person representing the party, but the general rule is that the party himself must make the affidavit, and the circumstances that would authorize an exception to the rule ought to appear. Applications for new trials on the ground of evidence discovered after the trial are entertained with reluctance because of the temptation to parties smarting under defeat to make them, and on account of the facility with which plausible grounds are manufactured. A party may be very willing to take the chances of a new trial, but unwilling or afraid to swear to a statement necessary to procure it; and the loosest practice would be established to permit the oath of another to be substituted for the oath of the party himself. He may make a statement to his attorney which the latter might conscientiously swear he believes to be true, which, in point of fact, is false, and hence the affidavit of a third person should never be received without an explanation of the reason why the party omitted to make it. The courts, therefore, to protect themselves from imposition, require such motions to be supported by the affidavit of the party and the observance of other requisites which are well stated in Berry v. State of Georgia, 10 Ga. 527, as follows: The party must show, 1st, that the evidence has come to his knowledge since the trial; 2d, that it was not owing to the want of due diligence that it did not come sooner; 3d, that it is so material that it would probably produce a different result if the new trial were granted; 4th, that it is not cumulative only; 5th, that the affidavit of the witness himself should be produced, or its absence accounted for; and, 6th, that the object of the testimony is not merely to impeach the character or credit of a witness.

In this case the defendant was not absent, and he knew better than any other person when the evidence stated to have been discovered first came to his knowledge, and what diligence he had used before the trial to obtain it. The affidavit of Susan Taylor discloses facts which would probably have produced a different result, and if the motion had

contained the necessary requisites, the defendant ought to have had a new trial; but to allow it under the circumstances of this case would be at the expense of overthrowing established rules and would introduce a practice dangerous to the administration of justice.

Judge Napton concurring, the judgment will be affirmed.