IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### AUGUST TERM, 1870, AT ST. JOSEPH.

———◆—◇—◆———

ALEXANDER S. SAVONI *et al.*, Plaintiffs in Error, *v.* WM. T. BRASHEAR *et al.*, Defendants in Error.

1. *Practice, civil — Evidence — Surprise — New trial — Nonsuit.* — A plaintiff, after verdict, can not have a new trial on account of having been surprised by evidence of defendant. If unprepared to meet defendant's evidence, he should suffer a nonsuit, after which he may sue again for the same cause of action.

*Error to Fourth District Court.*

*Williams & Eberman*, for plaintiffs in error.

Plaintiffs were taken by surprise by the evidence of Patterson, and were entitled to a new trial.

*Barrow & Carr*, for defendants in error.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs brought suit upon two promissory notes executed by one Sterne and indorsed to them, and defendants set up payment and satisfaction to said Sterne after the maturity of the notes. The answer was not denied, and plaintiffs offered testi-

mony tending to prove the assignment for value before the notes fell due. The defendants offered testimony as to the mode and manner of payment, and a witness testified that Savoni, one of the plaintiffs, was present at the time the payment was made to Sterne. After judgment for defendants the plaintiffs filed a motion for a new trial, upon the ground of being taken by surprise at the testimony of the witness as to the presence of Savoni at the time of the adjustment of the debt, and, to sustain the motion, filed several affidavits showing that at this time Savoni was in Boston.

There are circumstances tending to throw suspicion upon the relations of Sterne and the plaintiff that should weigh with the tribunal passing upon the facts; but we have only to consider whether, under the settled rules of law, the motion for a new trial should have been granted. We are inclined to think that the plaintiffs might have been properly taken by surprise at this testimony. There was nothing in the pleadings to lead them to suppose it would be offered. They could not be expected to be prepared for it, and, if they had no other remedy, a new trial should have been granted. But they were not thus remediless, for a nonsuit might have been suffered without prejudice to a new suit. In 3 Graham & Waterman, 968, the rule is thus stated: " A plaintiff, after a verdict against him, can have no claim to a new trial on account of his having been surprised by any evidence of the defendant. If the plaintiff finds himself unprepared to meet the defendant's evidence, he always has it in his power to suffer a nonsuit, which will leave him at liberty to sue again for the same cause of action. It would be giving the plaintiff too great an advantage to permit him to take the chance of a verdict, and, when it is lost, to relieve him from the verdict and give him a chance with another jury, merely because the evidence against his claim was stronger on the first trial than he expected it would be "

The judgment is affirmed. The other judges concur.