THE STATE v. MYERS, *Appellant.*

Division Two, May 2, 1893.

1. **Criminal Practice**: NEW TRIAL: NEWLY DISCOVERED EVIDENCE. A motion for a new· trial on the ground of newly discovered evidence must show, among other things, that the new evidence is so material that it would probably produce a different result if the new trial were granted, that it is not cumulative, that the object of the testimony is not merely to impeach the character or credit of a witness and that it was not owing to the lack of due diligence that it was not obtained in time for the prior trial.

2. ———: ———: ———. The requirements of the foregoing rule, *held,* not to have been met by the defendant in this case who was· convicted of bribing a witness.

*Appeal from Hannibal Court of Common Pleas.*—HON. T. H. BACON, Judge.

AFFIRMED.

*D. H. Eby* for appellant.

The new trial should have been awarded on the ground of newly discovered evidence. The facts of the case met the requirements of the rule laid down in *State v. Ray*, 53 Mo. 345. Although the courts regard with disfavor applications of this kind, the courts have not refused in proper cases to grant the second trial. *State v. Murray*, 95 Mo. 103; *State v. Wheeler*, 94 Mo. 252; *State v. Bailey*, 94 Mo. 311.

*R. F. Walker*, Attorney General, for the state.

The motion of defendant for a new trial upon the ground of newly discovered evidence was properly overruled. Defendant does not show, *first*, that it was not owing to the want of due diligence that this testi-

mony was not had at the former trial; *second*, that it is so material that it would probably produce a different result, if the new trial was granted.    He does show, however, that *first*, it is cumulative, and *second*, that its sole and only purpose is to impeach the credit of the prosecuting witness.    *State v. Butler*, 67 Mo. 63; *State v. Ray*, 53 Mo. 349; *State v. Welsor* (not yet reported).    No complaint of the instructions or to the admission or exclusion of testimony is alleged.

BURGESS, J.—At the May term, 1892, of the Hannibal court of common pleas, the defendant was tried and convicted for bribing a witness, one Green Williams, and his punishment fixed at two years imprisonment in the penitentiary.

At the September term, 1890, of the Hannibal court of common pleas, there was an indictment and cause pending and set for trial in which the state was plaintiff and John Hunn. and Jesse Hunn defendants, in which defendants were charged with robbing one Green Williams, who was the prosecuting witness, and whose testimony was material and important.    After the parties had announced ready for trial, and while the defendants were challenging the jury, Moses Myers, defendant herein, and one Frank Allen procured a carriage and induced the witness, by securing some women and agreeing to pay him $20, to take a ride, assuring him it would only be a short one, and that he would be permitted to return by the time he was needed in court.    After making the necessary arrangements, they drove from Hannibal to Palmyra, and thence over roads and territory unknown to Williams, and returned to Hannibal that evening about five o'clock, and after the cause had been disposed of.

Defendant and Allen told the witness:    "If you appear it will hurt you and you will be liable to get

killed  *   *   *   besides you will lose friendship."
Defendant said: "I will give you $10 not to appear."
Allen said; "Well, I'll give you $10 too.   *   *   *
There is no use in you slaving yourself for those white
folks all the time; I would go out and take a ride; we'll
go out and get back.   *   *   *   We'll be back at
twelve o'clock." Witness also stated that this conver-
sation occurred in the saloon and in the presence of one
Frank Doyle in the city of Hannibal and that Doyle
stated to him at the same time that he was not obliged
to attend court.

After defendant's conviction he filed his motion
for new trial on the ground of newly discovered evi-
dence, which is as follows: "Defendant moves the
court to set aside the verdict herein and grant a new.
trial herein:

" (1) Because since the verdict herein the defend-
ant for the first time discovered new and material evi-
dence herein, to-wit, that the witness, Green Williams,
was not at Frank Doyle's saloon at any time on the
day said witness left Hannibal, and took the wagon
ride with defendant and others; that said Doyle was
present at his saloon during the whole of said day;
that said Doyle had no conversation whatever, at any
time, with said Williams concerning the case of State
of Missouri v. Jesse Hunn and John Hunn, and did
not tell said witness that he did not have to attend as a
witness in said cause; and that said Doyle as witness
in this case will testify as to the truth of the facts above
stated.

"(2) Because the verdict of the jury was against
the law and the weight of the evidence in the case.

"(3) Because upon the entire evidence in the case
the verdict should have been for the defendant.

"MOSES MYERS.

"Subscribed and sworn to before me this thirteenth day of May, 1892. My term of office will expire June 2, 1894.

"[Seal]          SAMUEL J. HARRISON,
          "Notary Public, Marion County, Missouri."

"Said motion for a new trial was accompanied by, and has attached thereto, the affidavit of Frank Doyle filed with said motion.

"Frank Doyle, first being sworn, upon his oath states that during the entire and whole year of 1890 he was a dramshop keeper, maintaining, owning and operating a dramshop on Broadway, between Fourth and Fifth streets, in the city of Hannibal, in the county and state aforesaid; that he is not acquainted with Green Williams the witness who testified on the part of the state in the above entitled cause at the May term, 1892 of said court; that during the months of September and October, 1890, said Green Williams was not in affiant's saloon; that affiant never did at any time have any conversation with said Green Williams about or concerning the case of the State of Missouri v. Jesse Hunn and John Hunn, and never at any time stated or told said Green Williams that he did not have to appear as a witness in said case against said Hunn; that affiant never disclosed or imparted his knowledge of the above facts to said defendant, Moses Myers, until after the verdict rendered by the jury against the said Moses Myers at the May term, 1892, of said court.

"FRANK DOYLE.

"Subscribed and sworn to before me this fourteenth day of May, 1892. My term of office will expire June 2, 1894.

"[Seal]          SAMUEL J. HARRISON,
          "Notary Public, Marion County, Missouri."

Said motion was by the court overruled. Defendant then filed his motion in arrest which was also overruled, and the case is here by appeal.

The only point urged in this court why the case should be reversed is because of the action of the trial court in overruling defendant's motion for a new trial on the ground of newly discovered evidence.

While Green Williams testified that the offer to bribe him, by defendant, to remain away from court and not appear as a witness in the case of the state against John and Jesse Hunn occurred in the saloon of Doyle, and that Doyle then stated to him, that he, Williams, was not obliged to attend court—the defendant stated as a witness in his own behalf, that he was not in the saloon on that occasion and did not know, and could not say, who were there or what occurred. This evidence would only show that the conversation did not occur at the time and place that Williams said it did; but would not show or tend to show that it did not occur at some other time and place. Besides, taking the evidence altogether, aside from this one statement, it tends to corroborate Williams in all of its details, and the testimony of Doyle if it had been introduced on the trial would not in all probability have produced a different result, and does not come within the rule laid down by this court in the cases of *State v. Welsor*, 21 S. W. Rep. 443; *State v. Ray*, 53 Mo. 345; *State v. Butler*, 67 Mo. 63; *State v. McLaughlin*, 27 Mo. 111. The motion for a new trial must show among other things, "That the evidence is so material that it would probably produce a different result if the new trial were granted. That it is not cumulative. That the object of the testimony is not merely to impeach the character or credit of a witness." That it was not owing to the want of due diligence that it

did not come sooner. *State v. Welsor; State v. Ray; State v. Butler; State v. McLaughlin, supra.*

Williams testified on the trial that the conversation in regard to the offer by defendant and Allen to bribe him occured in Doyle's saloon in the city of Hannibal. The case was then being tried in the courthouse in that city. Yet there is no reason or excuse offered why Doyle was not then subpoenaed as a witness to prove the same facts to which he swears in his affidavit. The evidence of Doyle would not, we think, have produced a different result, would have been cumulative, and only tended to contradict Williams. Not only this, but there was no diligence exercised by defendant in trying to procure the presence of Doyle at the trial after he knew what Williams' testimony was as to where the conversation between defendant Allen and himself occurred.

Measured by the rules herein announced the court did not commit error in overruling the motion for a new trial and the judgment will be affirmed. All concur.