CLAUDIA JONES, Respondent, v. H. MARTINI FURNISHING COMPANY et al., Appellants.

St. Louis Court of Appeals, December 13, 1898.

1. **Motion for New Trial:** NEWLY DISCOVERED EVIDENCE: DILIGENCE. In the case at bar the newly discovered evidence discloses a very material and important admission of plaintiff, and had the defendant shown diligence to discover this testimony before the trial, his motion for a new trial should have been sustained; but, in the absence of such a showing his motion for a new trial on that ground was properly overruled.

2. **Unlawful Trespass:** DAMAGES: RECOVERY. If in the case at bar the mortgage was given and the conditions thereof broken, plaintiff was not entitled to recover the value or any part of the value of the property; but only exemplary or punitive damages for the alleged unlawful and wanton trespass.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

REVERSED AND REMANDED.

FRANK A. C. MACMANUS for appellants.

The value of the plaintiff's interest in the property at the time it was wrongfully taken, if so, is the sole measure of damages in this case. Green v. Stephens, 37 Mo. App. 641; Spencer v. Vance, 57 Mo. 427; McCandless v. Moore, 50 Mo. 511. The damages are compensatory merely. Ross v. New Home Sewing Machine Co., 24 Mo. App. 353; Vaughn v. Fisher, 32 Mo. App. 29; Prueitt v. Cheltenham Quarry Co., 33 Mo. App. 18; Hurt v. Railway, 94 Mo. 255. There was no legal evidence on part of plaintiff of the value of the goods in question. The plaintiff, nor any of her witnesses, testifies as to the value. The attempted

offering of evidence on that question was properly excluded by the court and was insufficient, even though given in the manner sought. No evidence, conclusive on defendants, of damages, other than the taking of the property, was attempted. Wahl v. Remington S. M. Co., 5 Mo. App. 576. Where no element of fraud, malice or oppression appears the damages can only be nominal; the mere asportation does not amount to a conversion. Niemetz v. St. L. A. & M. A., 5 Mo. App. 62–63. There was not sufficient or any evidence in this cause that proved malice. The law does not presume malice; express acts must be proven in cases similar to the one at bar. Any wrongful act which negatives, or is inconsistent with, the owner's right is *per se* a conversion. Williams v. Wall, 60 Mo. 318. After condition is broken the mortgagor is the mortgagee's bailee, and the assertion of a right in himself is equivalent to a conversion of the property. Roach v. St. Louis Type Foundry, 21 Mo. App. 121. To maintain trover or conversion. Parker v. Rodes, 79 Mo. 91; Stevenson v. Fitzgerald, 47 Mich. 166; Meyers v. Hale, 17 Mo. App. 204. A mortgagor may maintain an action for damages for the conversion of a chattel against any other person than the mortgagee. Buddington v. Mastbrook, 17 Mo. App. 580, last paragraph cites: After condition broken title to mortgaged property is with the mortgagee; Lacy v. Gibony, 36 Mo. 320; Bowens v. Benson, 57 Mo. 26; McCandless v. Moore, 50 Mo. 511. Where a mortgagor of personal property gives the right to the vendor to retake possession whenever he deems himself insecure he can not be held liable as for a conversion for taking possession upon the occurrence of such contingency. McClelland v. Nichols, 1 N. W. Rep. No. 26. (Minn.). Plaintiff, in an action of trover and conversion, must show ownership of a general or special property in the

things alleged to be converted. Southworth Co. v. Lamb, 82 Mo. 242. The court erred in giving instructions for plaintiff and in refusing instructions offered by defendant. The motion for a new trial should have been sustained on grounds numbers 1, 2, 3, 7, etc.

J. W. Evans for respondent.

There is no dispute as to the value of the goods. Therefore the finding of the jury of $80, actual damages, being $20 less than the evidence warranted, indicates that they were considerate of defendants' rights. The finding of $250 exemplary damages is also amply justified by the evidence. The entire record and the blistering brief before this court show a most malignant animus on the part of defendants toward the plaintiff. Life is too short and the time of this court too valuable to analyze separately all the assignments of error in appellants' brief. Suffice it to say that the findings of the jury are justified by the evidence. That the instructions given express the law applicable to the evidence. That the instructions refused were improper. That the objections to the pleadings were frivolous. That it is a matter of discretion with the court, on a proper showing, to allow to sue as poor person. That the so-called newly discovered evidence is not new, and is merely cumulative at most. The questions of law involved are elementary and this court needs no aid in that behalf. It is respectfully submitted that the judgment of the trial court should be affirmed.

BLAND, P. J.—The petition in this case in substance states that the defendant the H. Martini Furnishing Company, a corporation, by its servants and agents, and defendant H. Martini, in person, wrongfully entered the dwelling house of plaintiff and wrong-

fully, wantonly, and by force took and removed there-from certain household goods, the property of the plaintiff, of the value of $100, for which plaintiff prayed judgment. The petition further stated that the acts and conduct of defendants in forcibly entering her house and taking away her goods, were malicious, wanton and cruel, and asked exemplary damages in the sum of $5,000.

The answer of the H. Martini Furnishing Company admitted that defendant the H. Martini Furnishing Company is a corporation, and admitted having some goods that were formerly in the possession of plaintiff, and averred the purchase of the goods by the plaintiff of the H. Martini Furnishing Company on time, the taking of a mortgage thereon by the company to secure payment for the goods, the failure of plaintiff to pay, and a general denial of all the allegations not admitted. The answer of the other defendant was a general denial. Trial was had before the court and a jury, resulting in a verdict for plaintiff for $80, for the value of the prop-erty taken, and $250 as exemplary damages. A motion for new trial being overruled, defendants appealed.

Plaintiff adduced evidence tending to prove that H. Martini, the president and manager of the H. Mar-tini Furnishing Company, on the eleventh day of June, 1897, drove up to her place of residence in the city of St. Louis, with a moving van accompanied by two men; that all three of the men entered her house, and against her will took from her apartments the following articles of furniture, a brussels rug, three rocking chairs, one fancy chair, two pairs of lace curtains, one folding bed, one iron bed, one ingrain carpet, and a stair and hall carpet, loaded the same in the van, and moved off with it; that the conduct of H. Martini while in the plain-tiff's residence and when removing the furniture was boisterous, insulting and threatening. Plaintiff denied

that she bought any of the goods taken from the H. Martini Furnishing Company, and denied that she executed a mortgage to said company to secure payment for the furniture; but claimed that the goods were furnished to her by H. J. Talbot, an employee of the defendant company, with the understanding that Talbot was going into business for himself in a short time, and that when he did so plaintiff should give him a mortgage on the goods. She also testified that none of the goods came from, or were furnished by the H. Martini Furnishing Company, but that they were selected for her from other houses and furnished by Talbot.

The evidence adduced by the defendants tended to prove that the boisterous conduct testified to by plaintiff and her witness, was occasioned by a quarrel between a Mrs. Whitsett and the plaintiff over a photograph of Mrs. Whitsett's husband, in the possession of the plaintiff, and not by H. Martini. H. Martini and Talbot testified that the plaintiff on or about November 25, 1896, purchased of the H. Martini Furnishing Company at its store on Franklin avenue, the one folding bed, the iron bed, the brussels rug, two pairs of lace curtains, four parlor chairs, twenty-three yards hall and stair carpet, one ingrain carpet, four C. S. chairs, described in the petition, and some other articles for $145.45, on time, to be paid for in instalments of $2 per week; that the balance due on this mortgage June 11, 1897, was $84.50. The mortgage was produced and read in evidence; it was not acknowledged, was witnessed by H. J. Talbot, who testified that as salesman for the H. Martini Furnishing Company, he sold the goods to plaintiff and that he prepared the mortgage and that plaintiff with full knowledge of its contents signed and delivered it. H. Martini also testified that plaintiff after some protesting and begging for further time to settle for the goods, surrendered them up, and

that he canceled her note for the goods and delivered it to her, and gave her a lot of goods on account of payments made by her, and of more value than the payments, and that the whole matter was amicably settled, and that the plaintiff signed a paper (produced in evidence), releasing all claims to the property taken. Plaintiff denied signing the release. She testified that the wholesale price of the goods taken was $100. This was all the testimony there was as to their value. Plaintiff admitted that the goods had not been fully paid for, and that she owed about the amount claimed to be due by defendants, but not to the defendant. There was evidence of the purchase of a previous bill of goods by plaintiff of the defendant company, and the execution of a mortgage and notes given by plaintiff, and of receipts, etc., the details of which are not necessary to be stated here.

One of the grounds for a motion for a new trial was the discovery of new and important evidence by defendants since the trial, supported by the affidavit of the two witnesses Spencer and Oliver. Spencer stated in his affidavit that in the months of January and February, 1897, he had two conversations with the plaintiff, in which she stated that she owed the defendant company for her furniture, and in one of them she stated she was willing to return her furniture to the company for what she owed them. Oliver's affidavit stated in substance that he knew the plaintiff; that sometime in November, 1896, he saw her in the store of defendant company; that she had purchased a bill of goods there, among which was a brussels rug, four parlor chairs, a gas range (included in the mortgage), a stair and hall carpet, one extension table (described in the mortgage), and saw her sign a note and mortgage, and that he heard the mortgage read to her before she signed it. In view of the fact that plaintiff as

a witness denied the purchase of the goods from defendant company and her signature to the mortgage, these affidavits disclose very material and important testimony to the defendants. No counter affidavits were filed. The newly discovered evidence of Oliver is cumulative, but that of Spencer is not, and it discloses a very material and important admission made by the plaintiff, and had the defendant shown diligence to discover this testimony before the trial his motion should have been sustained, but in the absence of such a showing, under the rule as announced in State v. Meyers, 115 Mo. 394; Mayor of Liberty v. Burns, 114 Mo. 426, we are bound to rule this point against him. The defendants asked and the court refused to give the following instruction: "The court instructs the jury that, as a matter of law, after condition is broken, the title of mortgaged property is with the mortgagee." The evidence for the defendants tended to prove that plaintiff executed a mortgage on the property taken, the mortgage was read in evidence; there was also evidence tending to prove a breach of the condition of the mortgage. Under this state of the evidence the defendants were entitled to the instruction, for if the property was the property of defendant company, the defendants were not liable to plaintiff for the value of it, regardless of the means used to get and retain possession of it. Parker v. Rodes, 79 Mo. 91; Roach v. St. Louis Type Foundry, 21 Mo. App. 121; Southworth Co. v. Lamb, 82 Mo. 242; Hunt v. Holton, 13 Pich. 216; VanBlarcom v. Bank, 37 N. Y. 540. By an instruction given for plaintiff the jury were told in substance that if they believed defendants entered plaintiff's premises and forcibly and against her will took the property they should find for the plaintiff the value of the property; and in another instruction were told in substance that

they must do this, although they might find defendants had some interest in the property. These instructions were in no way qualified by other instructions given for either party. If the mortgage was given, as testified to by defendant and his witness Talbot, and the conditions thereof as to payments were broken, as was clearly the case, if the mortgage was in fact given, then plaintiff was not entitled to recover the value, nor any part of the value of the property (see authorities *supra*), but only exemplary or punitive damages for the alleged unlawful and wanton trespass committed by the defendants in entering plaintiff's premises and in taking away the goods.

For the errors noted, the judgment is reversed and the cause remanded. Judge BIGGS concurs in the result.