GEORGE S. McLAUGHLIN, Appellant, v. BEN T. HARDIN, Respondent.

Kansas City Court of Appeals, November 16, 1908.

1. **REAL ESTATE BROKER: Commission: Procuring Cause: Evidence: Practice.** The evidence touching a sale of defendant's real estate and the plaintiff's connection therewith as his agent is reviewed and is found sufficient to support the finding of the trial court that the plaintiff was not the procuring cause of the sale.

2. **TRIAL PRACTICE: Before the Court: Instructions: Evidence.** In a trial before the court instructions are only useful as showing the theory upon which the court rendered the judgment; and in this case they cannot influence the court's finding, since it is sustained by the evidence.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

AFFIRMED.

*M. A. Fyke* and *W. F. Wilkinson* for appellant.

(1) The court erred in refusing to give appellant's sixth declaration of law. This sale was brought about and procured within the meaning of our decisions by appellant and he is entitled to his commission. Goffe v.

Gibson, 18 Mo. App. 4; Brennan v. Roach, 47 Mo. App. 290; Millan v. Porter, 31 Mo. App. 563; Tyler v. Parr, 52 Mo. 251; Corder v. O'Neill, 176 Mo. App. 401; Timberman v. Craddock, 70 Mo. 638; Corder v. O'Neill, 176 Mo. 401; McCormick v. Henderson, 100 Mo. App. 647; Wright & Orrison v. Brown, 68 Mo. App. 577; Stinde v. Blesch, 42 Mo. App. 578, 581. (2) The fact that the negotiations were carried on through another agent, and the sale finally consummated through him, or by the owner, will not deprive plaintiff of his commissions. Brennan v. Roach, 47 Mo. App. 290; Bell v. Kaiser, 50 Mo. 150; McCormick v. Henderson, 100 Mo. App. 647; Wright & Orrison v. Brown, 68 Mo. App. 577; Crone v. Trust Co., 85 Mo. App. 601; Cunliff v. Hausman, 97 Mo. App. 467; Tyler v. Parr, 52 Mo. 638; Timberman v. Craddock, 70 Mo. 638; Goffe v. Gibson, 18 Mo. App. 4. (3) When an action at law is tried before the court sitting as a jury the parties are entitled to declarations of law which, when given, must be drawn in conformity with instructions given to a jury; that is, questions of law and fact should be so separated that it may be known by which class the finding was controlled. Blanke v. Dunnerman, 67 Mo. App. 597; Rosenbaum v. Gilliam, 101 Mo. App. 136; Gibson v. Zimmerman, 27 Mo. App. 90; Smith v. Hutchinson, 83 Mo. 683; Clotworthy v. Railroad, 80 Mo. 220.

*Walsh & Morrison* and *Ben T. Hardin* for respondents.

(1) This case having been tried by the court, every fair and reasonable intendment and inference to be drawn from the evidence in support of the conclusion of the trial court must be adopted on appeal. Heether v. Huntsville, 121 Mo. App. 501; Building Assn. v. Grocery Co., 85 Mo. App. 245; Sappington v. Railroad, 95 Mo. App. 387; Arnold v. Cason, 95 Mo. App. 426; Roberts

v. Lead Co., 95 Mo. App. 581; Bond Co. v. Houck (Mo.), 112 S. W. Rep. 242; Tapana v. Shaffray, 97 Mo. App. 337; Holland v. Cunliff, 96 Mo. App. 67; M'cAntire v. Hewitt, 75 Mo. App. 304; Stone v. Pennock, 31 Mo. App. 544; Tandy v. Transit Co., 178 Mo. 240. (2) When a cause has been tried by the court without a jury, the finding will not be reviewed when there is substantial evidence to support it; the finding of the trial court is conclusive. Smith v. Royse, 165 Mo. 654; Fuhlhage v. Nagle, 105 Mo. App. 471; Corrigan v. Kansas City, 91 Mo. App. 173; Ellis v. Railroad, 89 Mo. App. 241. (3) In a law case tried to the court sitting as a jury, the force of instruction is spent on showing the theory of the trial court; and when that is shown by the court's findings and conclusions, refusal of certain instructions asked by appellant is of no moment. Preventer Co. v. St. Louis, 205 Mo. 220, 232; Vandiver v. Robertson, 125 Mo. App. 307; Bartley v. Railroad, 148 Mo. 142 and cases there cited; Hesselbach v. St. Louis, 179 Mo. 505. (4) There is no error in the court's refusal of instruction 6 asked by appellant. Bond Co. v. Houck, 112 S. W. 242; Mead v. Arnold, 110 S. W. 656; Ramsey v. West, 31 Mo. App. 676; Mason v. Small, 109 S. W. 822; Bailey v. Moorhead, 122 Mo. App. 268; McCray v. Pfost, 118 Mo. App. 677; Staehlin v. Kramer, 118 Mo. App. 329; Brown v. Smith, 113 Mo. App. 59; Sallee v. McMurry, 113 Mo. App. 253; Gamble v. Grether, 108 Mo. App. 340; Tooker v. Duckworth, 107 Mo. App. 231; LaForce v. University, 106 Mo. App. 517; McCrary v. Kellogg, 106 Mo. App. 597; Huggins v. Hearne, 74 Mo. App. 86; Campbell v. Vanstone, 73 Mo. App. 84; Crowley v. Somerville, 70 Mo. App. 376; Wolff v. Rosenberg, 67 Mo. App. 403; Pollard v. Banks, 67 Mo. App. 187; Chipley v. Leathe, 60 Mo. App. 15; Vandyke v. Walker, 49 Mo. App. 381; Hayden v. Grillo, 42 Mo. App. 1; Zeidler v. Walker, 41 Mo. App. 118; Hayden v.

Grillo, 35 Mo. App. 647; Young v. Ruhwedel, 119 Mo. App. 242; Ramsey v. West, 31 Mo. App. 687; Stinde v. Blesch, 42 Mo. App. 578; Henkle v. Dunn, 97 Mo. App. 671; Ware v. Dos Passos (N. Y.), 4 App. Div. 32; Barrs v. Hyland, 65 Minn. 150; Nance v. Smythe (Tenn.), 99 S. W. 698. (5) There was no error in giving the instruction "A" asked by defendants. It was asked and given after the court made its finding of facts, and the court could do nothing else. Glade v. Mining Co., 129 App. 443; Turner v. Snyder, 111 S. W. 858; Gilmour v. Freshaen, 126 Mo. App. 299; Preventer Co. v. St. Louis, 205 Mo. 220, 232; Vandiver v. Robertson, 125 Mo. App. 307; Mason v. Small, 109 S. W. 822.

ELLISON, J.—This action was brought for commission charged to be due plaintiff by reason of a sale which plaintiff alleges he made of defendant's real estate. The judgment in the trial court was for the defendant.

There was evidence tending to prove that defendant placed a tract of land with plaintiff for sale; that one Jenne was attracted to plaintiff's office in Kansas City by his advertisement of lands; that while this advertisement did not include defendant's land, yet plaintiff referred him to it, pricing it at $135 per acre. Jenne went out on that or the next day and went upon the land; on the next day he telephoned plaintiff that he did not want the land and that he intended to go to look at a farm in Kansas. Three days thereafter plaintiff wrote to Jenne saying that he had been looking for him to come to his office to see about buying a farm in Kansas; that he had some bargains there and for him not to fail to come as he "wanted to sell him a bargain."

On the second day after Jenne had refused to take defendant's land, as above stated, he again went out to see it and there met defendant's tenant, who was au-

thorized by defendant to sell it.   The tenant showed him over the place.   The next day the tenant took him to defendant, they agreed upon a price and defendant sold him the land, paying the tenant a commission.   In this connection it should be stated that plaintiff did not tell Jenne that defendant was the owner, but said the land belonged to a widow; neither did he tell defendant that he met with Jenne or that he had anyone looking at the farm.   Plaintiff had no further connection with the matter than to refer Jenne to the land.

The foregoing is substantially what the trial court found to be the facts and from them he found that plaintiff was not the procuring cause of the sale.   We think there was evidence to support such finding.

Objection is made to the action of the court on instruction.   That, however, cannot influence our conclusions.   The trial was without a jury and the instructions are only useful as showing the theory upon which the court rendered the judgment.   But in this case the court made known his theory, and it is sustained by the law. [Missouri Smoke Preventer Co. v. St. Louis, 205 Mo. 220, 232; Vandiver v. Robertson & Son, 125 Mo. App. 307.]

But aside from these considerations, our conclusion, based upon the record, is that the judgment was for the right party, and should be affirmed.   All concur.