HENRY C. BUTTS, Respondent, v. GUNBY & WEST, Appellants.

Kansas City Court of Appeals, January 11, 1909.

1. APPELLATE AND TRIAL PRACTICE: Trial Before Court: Instructions: Issues of Fact. In a trial of a case before a court instructions count for nothing more than to show the theory on which the court proceeded; and where the case turns on a question of fact and the finding of the court is supported by evidence the judgment must be affirmed.

2. ————: Respondent's Failure to Appeal. Where the respondent has failed to appeal from the result of the trial he cannot object to errors against him made at the trial.

Appeal from Livingston Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*Scott J. Miller* and *Kitt & Taylor* for appellants.

(1) The court erred in finding against appellants on their claim for commission in the sum of $170 for securing for respondent the $8,500 loan, to pay off the loan held at Shelbina. (2) The court erred in finding against appellants on their claim for commission in the sum of $150, in securing the loan for $7,500 for respondent under agreement with respondent therefor. (3) The court erred in finding against. appellants in the sum of $100 on appellants' claim of $150 for commission to be paid appellants for release of respondent of payment of commission in his application for $12,000 loan made to the Bartlett Bros. (4) The court erred in finding against appellants in their claim for commission on the $1,500, which respondent misapplied, when the evidence shows, undisputed, that respondent agreed to compensate appellants, etc.

*Frank Sheetz & Sons* and *J. M. Davis & Sons* for respondent.

(1) Appellants were the agents of respondents and owed him the strictest fairness, integrity and loyalty. Courts will go to great lengths in holding agents to the strictest fairness and integrity. Smith v. Crews, 2 Mo. App. 278. (2) An agent forfeits his right to commissions by rendering false accounts to his principal. Mechem on Agency, section 1027; Brack v. Hart Commission Co., 57 Mo. App. 610. (3) Fraud, misconduct or bad faith upon the part of the agent forfeits his right to compensation or commission for his services. Harrison v. Cravens, 188 Mo. 610; Dennison v. Aldrich, 114 Mo. App. 700; Trice v. Comstock, 121 Fed. 622. (4) In this case the burden of proof was on defendants to justify their retention of the funds which they admitted otherwise belonged to plaintiff. M'cDemot v. Sedgwick, 140 Mo. 183; McClure v. Ulman, 102 Mo. App. 706. (5) The issue of whether or not the

defendants were guilty of fraud and fraudulent conduct was made an issue in this case on the trial, and there was a full opportunity to try such issue, and the same was fully tried. It was the theory of both appellants and respondent that defendants' fraudulent conduct was an issue, and such issue being raised by the evidence and tried by the court, the question cannot be raised in this court that the issue of such fraudulent conduct was not properly raised by the pleadings. McDonald v. Association, 175 Mo. 250; Heffernan v. Ragsdale, 199 Mo. 383; Rigsby v. Oil Well Co., 115 Mo. App. l. c. 307.

ELLISON, J.—This action was instituted by plaintiff to recover part proceeds of money acquired by loans negotiated through defendants as agents for plaintiff. The trial was without a jury and the court rendered judgment for plaintiff.

It appears that plaintiff owned a farm in Ralls county, upon which parties in Shelby county held a mortgage, then about due. The moving cause of plaintiff's connection with these defendants arose on account of that mortgage. The Shelby county parties wanted their money and plaintiff engaged defendants to procure a loan for him from Bartlett Brothers, of St. Joseph, for $12,500, at six per cent interest. Defendants' answer may be said to make an exhibit or statement of the dealing between them and plaintiff and of the various employments to obtain loans and of the expense they incurred in and about such employment. They embody a part of these in a claim for set-off or recoupment and ask judgment in various sums against the plaintiff. It seems there was delay in getting the loan from Bartlett Bros. and temporary loans were necessary in order to be able to settle with the Shelby county parties. Finally it was concluded that the money could not be had through the Bartletts and negotia-

tions were taken up with others.   But defendants rep-
resented to plaintiff that the Bartletts would charge
$150 for a release of their contract to make the loan,
and that sum was allowed to defendants, when in fact
they only paid Bartletts $50.   Charges were made by
defendants for obtaining a temporary loan when plain-
tiff contended that that service was a part of and was
included in the contract for the principal loan.   After
the failure with Bartlett Bros. some negotiations were
had with a loan company in Iowa and certain represen-
tations were charged to have been made by defendants
to plaintiff which figured in the evidence to some ex-
tent.   While there were other matters in the case as
presented in the trial court, yet, principally, the contest
came down to the following four items of charge made
by defendants against plaintiff's claim: "1st. A charge
for exchange on a sight draft which defendants claimed
they had paid to the Bank of Chillicothe, for plaintiff,
$1.50; 2nd, a charge under date of July 12, 1906, for
commission for securing a temporary loan from the Peo-
ple's Savings Bank, $200; 3rd, as to $100 of a charge of
$150 for securing from Bartlett Bros. L. & L. Co., a
release of an application for a loan, $100; 4th, the charge
for obtaining from W. E. Gunby, $7,500 loan, $150.
Total, $451.50."

We are at a loss to understand what defendants
could expect of this court by way of relief to them on
this appeal.   It is not an equity case, and yet the entire
record is presented to us as though we should undertake
to determine matters of fact, on the weight of evidence.
The case was submitted to the trial court without a
jury, in which case instructions count for nothing more
than to show the theory on which the court proceeded.
And there is little room for theory of law since the whole
case is one of facts.   The trial court has determined
them, with abundant evidence to support the result
reached.

It is contended by the plaintiff that if certain of the evidence was believed, the trial court would have been justified in refusing to allow any of the claims of recoupment made by defendants. But as he has not appealed from the result reached by the trial court, we will not go into that question. Suffice it to say that so far as defendants' appeal is concerned, it is without legal support, and the judgment is affirmed. All concur.