JOHN SCHOEN PLUMBING COMPANY, Appellant, v. FREDERICK U. HUGUNIN, Respondent.

St. Louis Court of Appeals. Argued and Submitted March 6, 1911. Opinion Filed March 21, 1911.

1. MERCHANICS' LIENS: Instructions. In an action to enforce a mechanic's lien, where the testimony was conflicting as to who employed plaintiff, a declaration of law given at the instance of defendant (the owner of the premises), that if defendant did not request of or contract with plaintiff for the work and material shown by the evidence to have furnished by plaintiff, and the same was contracted for from plaintiff by another person on his own authority, and furnished by plaintiff to the latter under the contract, then plaintiff was not entitled to recover from the defendant was proper.

2. INSTRUCTIONS: Trial by Court: Function of Instructions. Where, in an action at law, the trial is before the court without the intervention of the jury, the force of an instruction is spent

Plumbing Co. v. Hugunin.

on showing the court's theory, and where a declaration of law given, taken in connection with the rulings of the court on the admission and exclusion of evidence, shows that the court considered and determined the case on the correct theory, it is immaterial whether other declarations given or those refused were correct.

3. TRIAL PRACTICE: Conflicting Evidence: Province of Trier. In a trial to the court, where the evidence is conflicting, it is the province of the court to determine which side is to be believed.

4. MECHANICS' LIENS: Recovery by Plaintiff: Necessity of having Contract with Defendant. In an action to enforce a mechanic's lien, plaintiff cannot recover against a person with whom he had no contract.

5. ———: Instructions: Trial by Court: Indefinite Instruction. In an action to enforce a mechanic's lien, where the trial was to the court, it was not error to refuse a declaration of law asked by plaintiff to the effect that if the court found that plaintiff did the work and furnished the material under contract with defendant, and its cost was so much, the court should "render your verdict accordingly," as it would appear so obviously true as not to require being asked of a judge, especially where a declaration of law given at the instance of defendant correctly covered the whole case; and, if the case had been before a jury, the instruction is so indefinite that it would have been misleading.

6. ———: Instructions: Burden of Proof. In an action to enforce a mechanic's lien, it was not error to refuse an instruction asked by plaintiff which undertook to shift the burden of proof as to the party with whom the contract was made, from plaintiff to defendant, since the burden of proof rested upon plaintiff to prove with whom he made the contract.

7. NEW TRIAL: Surprise: Duty to Prepare Case for Trial: Mechanics' Liens. In an action to enforce a mechanic's lien, where the findings were for defendant, a new trial asked by plaintiff on the ground that the defense raised at the trial, that a third person, and not defendant, was contractor for the erection of the building, was a surprise to plaintiff, as he had no opportunity to notice or prepare to meet such defense, is untenable, as he should have gone into court prepared to prove with whom he had the contract, the burden being on him to do this.

8. ———: Newly Discovered Evidence: Cumulative and Impeaching Evidence: Mechanics' Liens. In an action to enforce a mechanic's lien, plaintiff moved for a new trial on the ground of newly discovered evidence, consisting of the testimony

of an expert in handwriting, who had examined a receipt offered in evidence, signed by plaintiff, and would testify that, in his opinion, certain words in it were written after the receipt had been given and after it had been signed by the plaintiff. The matter of the presence of the words in the receipt was gone over at the trial and testified to by the parties; plaintiff denying their presence when he signed, while other witnesses testified to the contrary. *Held*, that the evidence was merely cumulative of plaintiff's own testimony, or contradictory of defendant's, or in the nature of impeachment, and was not ground for a new trial.

9. ———: Surprise: **Neglect of Movant.** A party cannot have a new trial, after an adverse verdict, on the ground of surprise at evidence produced at the beginning of a two days' trial, where he did not apply for time to meet the evidence but continued the trial and offered evidence to rebut that at which he claims to have been surprised.

10. ———: Newly Discovered Evidence: **What Must Be Shown.** A party seeking a new trial on the ground of newly discovered evidence must show that the evidence has come to his knowledge since the trial; that it was not owing to want of due diligence that it did not come sooner; that it would probably produce a different result if a new trial were granted; that it is not cumulative only; and that the object of the testimony is not merely to impeach the character or credit of a witness; and the affidavit of the witness himself should be produced, or its absence accounted for; and a motion for a new trial, stating that, since the trial of the case, plaintiff had discovered new evidence which is so material to the issues that, had it been produced at the trial, the result might have been the other way; that the witness would testify to a certain opinion, which was set out, and that he would state in full all the reasons upon which his opinion was based, falls far short of complying with these requirements.

Appeal from St. Louis City Circuit Court.—*Hon. Charles C. Allen*, Judge.

AFFIRMED.

*Marion C. Early* for appellant.

(1)   The court erred in the giving of the following instruction for defendant at the close of the evidence: "The court declares that under the law and the evi

dence the plaintiff is not entitled to a mechanic's lien on the property described in the petition. R. S. 1909, tit. Mechanic liens. (2) The court erred in giving the following declaration of law at the request of defendant: "The court declares the law to be that the plaintiff is not entitled to a mechanic's lien in this case because the lien account is not a just and true account, for the reason that it contains over charges." Plaining Mill Co. v. Allison, 138 Mo. 50; Lumber Co. v. Stoddard, 113 Mo. App. 306; Kittrell v. Hopkins, 114 Mo. App. 431; Western, etc., Co. v. Boyce, 74 Mo. App. 343; Hydraulic, etc., Co. v. McTaggart, 76 Mo. App. 347; Uthoff v. Gerhard, 42 Mo. App. 256. (3) The court erred in giving the following declaration of law at the request of defendant: "The court declares the law to be that if the defendant did not request of or contract with plaintiff for the work and material shown by the evidence to have been furnished by plaintiff, and if the same was contracted for from plaintiff by A. J. Miller, on his own authority, and furnished by plaintiff to said Miller under such contract, then the plaintiff is not entitled to recover in this case." (4) The court erred in refusing to sustain plaintiff's motion for a new trial on the ground of newly discovered evidence. (5) There was not sufficient evidence to establish a valid contract for the building of the house in question as between Miller and Hugunin. The alleged conditions were too vague, indefinite and uncertain and were enforcible against neither Miller or Hugunin for want of indefiniteness.

*Earl M. Pirkey* for respondent.

(1) Where a cause is tried before a court sitting as a jury, the giving of an erroneous instruction is not reversible error. Rothenberger v. Garrett, 224 Mo. 202. (2) It is the province of the trial court, sitting as a jury, to pass upon the weight of the evidence, and the

finding of the court cannot be disturbed, unless it be shown that there is no evidence whatever to sustain it. Baum v. Fryear, 85 Mo. 151; Smith v. Royse, 165 Mo. 654. (3) By "just and true" is meant an account which states truth and not falsehood, and demands no more than, in right and justice, the claimant ought to have. Lumber Company v. Stoddard, 113 Mo. App. 317. (4) An account which contains willful overcharges is not a just and true account. Uthoff v. Gerhard, 42 Mo. App. 256. (5) The general rule is that each party must understand his case, and come prepared to meet the case made by his adversary. Therefore, a party cannot be surprised that his adversary introduces testimony in support of the issues made by the pleadings; even though such testimony be false. Bragg v. City of Moberly, 17 Mo. App. 227; McQuillan's Mo. Practice, p. 579; Haynes New Trial, par. 79. (6) If plaintiff was surprised it should have made complaint before the finding; a party who is surprised at trial should complain at the trial, and file an affidavit of surprise, and not wait until after the trial is over and until he sees that the result will be adverse and then complain. Bragg v. City of Moberly, 17 Mo. App. 227; Savoni v. Brashear, 46 Mo. 345. (7) On the subject of newly discovered evidence the decisions in this state have been uniform since the case of State v. McLaughlin, 27 Mo. 112, up to the present time, and they all hold that a party who claims a new trial on the ground of newly discovered evidence must show in his motion for a new trial six things; these six things are laid down in State v. McLaughlin, 27 Mo. 112; State v. Thurman, 121 Mo. App. 377; State v. McKenzie, 177 Mo. 716; State v. Church, 199 Mo. 639; Railroad v. Mirrielles, 182 Mo. 145.

REYNOLDS, P. J.—Plaintiff instituted this action before a justice of the peace to recover judgment against defendant Hugunin for debt on contract and to enforce a mechanic's lien for the amount against a cer-

tain house and lot in the city of St. Louis described. It is charged in the statement filed before the justice as well as in the lien claim, that defendant was the owner of the real estate described, upon which the building was erected, and that he is indebted to plaintiff on account of a balance due for plumbing work done on the premises, under contract entered into with plaintiff by defendant. Plaintiff recovering judgment before the justice for the debt and for the lien, defendant appealed to the circuit court, where the cause was tried anew before the court, a jury being waived. The court having heard the testimony, took the case under advisement, passed on declarations of law asked and found for defendant. From the judgment which followed, plaintiff has duly perfected appeal to this court.

We are confronted with a voluminous abstract, setting out all of the testimony in the case. From a careful reading of it, it appears that there was an absolute and irreconcilable conflict in the testimony, both as to the correctness of the account and as to the party with whom the contract was made.

Plaintiff asked two declarations of law, both of which the court refused, plaintiff excepting. It gave three at the instance of defendant, plaintiff duly saving exceptions. By one of these, given at the instance of defendant, the court, in substance, declared the law to be that if defendant did not request of or contract with plaintiff for the work and material shown by the evidence to have been furnished by plaintiff, and if the same was contracted for from plaintiff by one Mitchell on his own authority, and furnished by plaintiff to Mitchell under the contract, then plaintiff is not entitled to recover in this case.

This declaration of law goes to the very root of the case. Without regard to others refused or given, and in connection with the rulings of the court in the progress of the trial as to the admission and exclusion of evidence, it appears beyond controversy that the court

considered and determined the case on a correct theory. So whether the other declarations given or those refused were correct is immaterial. The vital point in this case was as to who had employed or made the contract with plaintiff. Plaintiff testified that he had made it with Hugunin, the owner. The latter as positively testified that he had let out the contract for the building to another party, one Miller. Miller also as positively testified that he was the contractor for the erection of the building, and that he was the one who had made the contract with plaintiff. Which side was to be believed was for the trial court. If that court, as trier, believed defendant and his witness, the questions whether the items in the lien were correct, whether the lien account was a just and true one, were immaterial. Plaintiff could not possibly recover against a man with whom he had no contract and the court so declared the law. It has been held over and over in our state that where the trial in an action at law is before the court without the intervention of a jury, "the force of instructions is spent on showing the theory of the trial court." [Smoke Preventer Co. v. St. Louis, 205 Mo. 220, l. c. 232, 103 S. W. 513.] To the same effect see Rothenberger v. Garrett, 224 Mo. 191, l. c. 202, 123 S. W. 574, and Butts v. Gunby & West, 135 Mo. App. 28, l. c. 31, 115 S. W. 493, in which latter case it is said: "The case was submitted to the trial court without a jury, in which case instructions count for nothing more than to show the theory on which the court preceeded," and as said in that opinion and on the same page, so it can be said of the case at bar, "There is little room for theory of law since the whole case is one of facts. The trial court has determined them, with abundant evidence to support the result reached." To the same effect see also McLaughlin v. Hardin, 133 Mo. App. 605, l. c. 609, 113 S. W. 681, and cases there cited.

Before leaving this matter of declarations of law, it is well to say that we see no error in refusing the

two which plaintiff asked. All that the first covered was, in effect, to tell the court that if it found that plaintiff did the work and furnished the material under contract with defendant, and its cost was so much, the court should "render your verdict accordingly." Considering that this was addressed to the court as an instruction to itself, it would appear so obviously true as to hardly require being asked of that learned judge. Moreover, the declaration given at the instance of defendant and before noted, covered the whole case and covered it correctly. If the case had been before a jury, this as an instruction was so indefinite as to be misleading.

The second declaration asked undertook to shift the burden of proof of the fact as to the party with whom the contract was made from plaintiff to defendant. It would have been error to have given this. Plaintiff had the burthen throughout the whole case to prove, by his evidence, with whom he had made the contract.

In the motion for new trial interposed by plaintiff, the grounds are, first, that the defense raised at the trial of the cause, wherein defendant set up a claim that Mr. Miller and not he, defendant, was contractor for the erection of the building, was a complete surprise to plaintiff, plaintiff having had no opportunity to notice or prepare to meet such defense; second, that since the trial of the cause, plaintiff had discovered new evidence, which is so material to the issues in this case, that had it been produced at the trial thereof, the result might have been the other way; the new evidence consisting of the tesimony of an experienced expert in handwriting, who would testify, upon a new trial, that he had made a thorough and careful examination of a certain receipt offered in evidence, signed by plaintiff, and that that witness could testify that, in his opinion, certain words in it were written after the receipt had been given and long after it had been signed by plaintiff; that that witness would further, by his testimony, state

in full all the reasons on which his opinion and con-
clusion were based.

As to the first element of alleged surprise, it is
untenable. Plaintiff should have gone into court pre-
pared to prove with whom he had made the contract.
That was the burthen that was on him throughout the
whole trial.

As to the second, unless in the nature of impeach-
ment, it was merely cumulative. The matter of the
words in the receipt referred to having been there before
signature was gone over and testified to by the parties.
Witnesses testified they were in the receipt when plain-
tiff signed it. Plaintiff and perhaps others testified
they were not. The testimony of this expert would have
been merely cumulative of plaintiff's own testimony—
at most contradictory of the testimony given on behalf
of defendant; possibly in the nature of impeachment
of defendant and his witnesses. New trials are not
granted for the purpose of introducing either cumula-
tive, impeaching or merely contradictory testimony.
Over and above all this, plaintiff's action in claiming
surprise, that action taken after verdict, came too late.
The receipt containing the disputed words was intro-
duced at the very beginning of the trial; on the first
day. The trial lasted through two days. Plaintiff had
ample time to have procured witnesses, expert or other-
wise, if he so desired, or to have put in more contra-
dictory evidence, not only as to this receipt but as to the
fact of the party with whom he had made the contract.
He asked no withdrawal of the case, no postponement,
took no nonsuit. On the contrary he took the chances
of a verdict in his favor. It is too late, doing that, to
attempt to come in, that verdict being adverse, and at-
tempt to cure his own negligence.

In Savoni et al. v. Brashear et al., 46 Mo. 345,
Judge Bliss, considering this identical question of a
motion for new trial, assigning as one of the grounds,
surprise at the testimony of witnesses, says that while

circumstances in the case tended to throw suspicion upon the relations of a witness and the plaintiffs that should weigh with the tribunal passing upon the facts, and that while the court might be inclined to think that the plaintiffs had been properly taken by surprise at the testimony concerning this matter, and while there was nothing in the pleadings to suppose the testimony would be offered, and that plaintiffs could not be expected to be prepared for it, that a new trial should have been granted, if plaintiffs had no other remedy. "But," says Judge Bliss (l. c. 346) "they were not thus remediless, for a nonsuit might have been suffered without prejudice to a new suit. In 3 Graham & Waterman, 968, the rule is thus stated: 'A plaintiff, after a verdict against him, can have no claim to a new trial on account of his having been surprised by any evidence of the defendant. If the plaintiff finds himself unprepared to meet the defendant's evidence, he always has it in his power to suffer a nonsuit, which will leave him at liberty to sue again for the same cause of action. It would be giving the plaintiff too great an advantage to permit him to take the chance of a verdict, and, when it is lost, to relieve him from the verdict and give him a chance with another jury, merely because the evidence against his claim was stronger on the first trial than he expected it would be.' "

It is true that in the case at bar a nonsuit would not have left plaintiff in as good a position as he was at the outset because the time for perfecting a lien against a new party had expired; but undoubtedly, on a proper presentation of the matter to the court before a final submission of the cause, plaintiff would have been allowed to withdraw the case from further submission and been granted time to produce the evidence that he claimed was so material. Plaintiff did not ask to do this, but submitted, even to the extent of introducing rebutting evidence in the attempt to support his claim, all his case, even submitting declarations of law to the

court, and finally submitted the cause to the court for its determination. He took the chance of victory or defeat. Defeated, he must abide the result.

Furthermore, in his motion for a new trial, covering this matter of surprise and newly discovered evidence, plaintiff has not brought himself within the rules announced by our Supreme Court. Even in a state case, where the defendant was on trial for murder,—where human life was in jeopardy, the case of State v. Church, 199 Mo. 605, l. c. 639, 98 S. W. 16, our Supreme Court has said: "Among the things necessary for a defendant to show in order to entitle him to a new trial upon the ground of newly-discovered evidence, is that it is so material that it would probably produce a different result if the new trial were granted; and that it is not cumulative only," citing many cases in support of this rule.

In a civil case, that of Wabash Railroad Company v. Mirrielees, 182 Mo. 126, l. c. 145, 81 S. W. 437, our Supreme Court has said that where a motion for new trial is based on newly discovered evidence, it must show that it was not owing to any want of diligence that it was not discovered in time to be used on the trial and is not merely cumulative or intended to impeach other evidence.

In an early case, State v. McLaughlin, 27 Mo. 111, l. c. 112, quoting from Berry v. State of Georgia, 10 Ga. 527, our Supreme Court states the rule to be, that the party seeking a new trial on the ground of newly discovered evidence must show six things in order to have that motion sustained: first, that the evidence has come to his knowledge since the trial; second, that it was not owing to want of due diligence that it did not come sooner; third, that it is so material that it would probably produce a different result if the new trial were granted; fourth, that it is not cumulative only; fifth, that the affidavit of the witness himself should be produced or its absence accounted for; and sixth, that the

object of the testimony is not merely to impeach the character or credit of a witness.

The affidavit for the new trial, which we have set out in substance, falls far short of complying with several of these requirements, every one of which our Supreme Court, from the time of State v. McLaughlin, supra, determined in 1858, down to this day, has insisted on as indispensably requisite to the granting of the motion.

The judgment of the circuit court must be and it is affirmed. *Nortoni* and *Caulfield, JJ.*, concur.